THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
HILLSBOROUGH COUNTY
SOUTHERN DISTRICT

I, Marshall A. Buttrick, Clerk of the Superior Court of the State of New Hampshire for the County of Hillsborough's Southern District, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of the Complaint, Summons in a Civil Action, Appearance, Notice of Removal to Hillsborough Superior Court, and Notice of Removal to Plaintiff Kevin Rocheville in the action 226-2019-CV-00693 Kevin Rocheville   v. Thomas Goulden, et al of said Superior Court.

In witness whereof I have hereunto set my hand

and affixed the seal of said Superior Court at

this  20  day of  November   A.D. 2019



Clerk of Superior Court

**Filed**
**File Date: 11/18/2019 5:22 PM**
Hillsborough Superior Court Southern District
**E-Filed Document**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name:   **Hillsborough Superior Court Southern District**

Case Name:   **Kevin Rocheville v. Thomas Goulden et al.**

Case Number:   **226-2019-CV-00693**
(if known)

## APPEARANCE/WITHDRAWAL

### APPEARANCE
Type of appearance (Select One)

☑ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

True Copy Attest

_____
*Marshall A. Buttrick*
Marshall A. Buttrick, Clerk of Court
November 20, 2019

Select One:

☑ As Counsel for:

Town of Pelham          14 Village Green, Pelham, NH
**Thomas Goulden**          **14 Village Green, Pelham, NH**

| (Name) Brian McCarthy | (Address) 14 Village Green, Pelham, NH | (Telephone Number) |
| **Matthew Keenliside** | **14 Village Green, Pelham, NH** | |
| (Name) Joseph O'Roark | (Address) 14 Village Green, Pelham, NH | (Telephone Number) |
| **Allison Caprigno** | **14 Village Green Pelham, NH** | |
| (Name) Michael McCall | (Address) | (Telephone Number) |

☐ I will represent myself (*self-represented*)

### WITHDRAWAL
As Counsel for _____   _____   _____

Type of Representation: (Select one)

☐ Appearance:

      ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

      ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

      ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

      ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

**This is a Service Document For Case: 226-2019-CV-00693**
**Hillsborough Superior Court Southern District**
**11/20/2019 11:05 AM**

**APPEARANCE/WITHDRAWAL**

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____     _____
Other party                                         Other party's attorney

---

**OR**

---

*For e-filed cases:*

☑  I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

---

**Brian J.S. Cullen**
_____
Name of Filer

**CullenCollimore, pllc**          **11265**
_____
Law Firm, if applicable          Bar ID # of attorney

**10 East Pearl Street**
_____
Address

**Nashua**               **NH**          **03060**
_____
City                         State          Zip code

**/s/ Brian J.S. Cullen**                    **11/18/2019**
_____
Signature of Filer                             Date

**(603) 881-5500**
_____
Telephone

**bcullen@cullencollimore.com**
_____
E-mail

Filed
File Date: 10/2/2019 3:11 PM
Hillsborough Superior Court Southern District
E-Filed Document

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS
SOUTHERN DISTRICT

SUPERIOR COURT
JURY TRIAL REQUESTED

226-2019-CV-00693

Kevin Rocheville

v.

Thomas Goulden, Matthew Keenliside, Brian McCarthy, Joseph O'Roark, Michael McCall, Allison Caprigno, Jody Harris-Stern, John Does, Jane Does, and Town of Pelham, NH

## **COMPLAINT**

NOW COMES, the Plaintiff, Kevin Rocheville and sets forth the following Complaint:

### I. PARTIES

1.      The Plaintiff, Kevin Rocheville (hereinafter sometimes referred to as "Plaintiff" or "Rocheville"), resides at 31 Jonathan Road, Pelham, County of Hillsborough and State of New Hampshire.

2.      The Defendant, Thomas Goulden (hereinafter sometimes referred to as "Goulden" or "Defendants"), is a police officer and employed by the Police Department of the Town of Pelham, New Hampshire at 14 Village Green, Pelham, County of Hillsborough and State of New Hampshire.

3.      The Defendant, Matthew Keenliside (hereinafter sometimes referred to as "Keenliside" or "Defendants"), is a police officer and employed by the Police Department of the Town of Pelham, New Hampshire at 14 Village Green, Pelham, County of Hillsborough and State of New Hampshire.

4.      The Defendant, Brian McCarthy (hereinafter sometimes referred to as "McCarthy" or "Defendants"), is a police officer and employed by the Police Department of the Town of Pelham, New Hampshire at 14 Village Green, Pelham, County of Hillsborough and State of New Hampshire.

5.      The Defendant, Joseph O'Roark (hereinafter sometimes referred to as "O'Roark" or "Defendants"), is a police officer and employed the Police Department of the Town of Pelham, New Hampshire at 14 Village Green, Pelham, County of Hillsborough and State of New Hampshire

1

True Copy Attest

*Marshall A. Buttrick*

Marshall A. Buttrick, Clerk of Court
November 20, 2019

6.      The Defendant, Allison Caprigno (hereinafter sometimes referred to as "Caprigno" or "Defendants"), was an animal control officer and employed by the Town of Pelham, New Hampshire at 14 Village Green, Pelham, County of Hillsborough and State of New Hampshire.

7.      The Defendants, John Does are police officers and employed by the Police Department of the Town of Pelham, New Hampshire at 14 Village Green, Pelham, County of Hillsborough and State of New Hampshire.

8.      The Defendants, Jane Does are police officers and employed by the Police Department of the Town of Pelham, New Hampshire at 14 Village Green, Pelham, County of Hillsborough and State of New Hampshire.

9.      The Defendant, Town of Pelham, NH (hereinafter sometimes referred to as "Pelham") is a State of New Hampshire Municipality with offices at 6 Village Green, Pelham, County of Hillsborough and State of New Hampshire.

10.     The Defendant, Michael McCall (hereinafter sometimes referred to as "McCall" or "Defendants"), is a Prosecutor employed by the Town of Hudson, New Hampshire located at 1 Constitution Drive, Hudson, County of Hillsborough and State of New Hampshire.

11.     The Defendant, Jody Harris-Stern (hereinafter sometimes referred to as "Stern"), in care of Looking Glass Animal Rescue with a mailing address of PO Box 1175,  Ridgefield, County of Fairfield and State of Connecticut.

## II. FACTS

12.     Rocheville incorporates by reference all allegations contained in paragraphs 1 through 11 herein.

13.     Goulden is a Lieutenant in the Pelham Police Department and has been employed by the Pelham Police Department off and on since 2010.

14.     Goulden was employed by the Town of Brookline, New Hampshire as the Chief but was fired on or about April 30, 2010. After Goulden was fired by the Town of Brookline he was hired by the Town of Pelham, New Hampshire as a police officer. Shortly after his hire by the Pelham Police Department, Goulden left to become the Chief of Police for the Town of Shirley, Massachusetts. While serving as Chief for approximately two (2) years, Goulden was fired and was rehired by the Town of Pelham, New Hampshire as a police officer.

2

15.     On or before May 20, 2014, Goulden began to have a sexual affair with Rocheville's girlfriend, Cheryl Bourdeleau, who was the mother of Rocheville's two sons. Goulden previously had a sexual relationship with Bourdeleau when she was eighteen-years-old (18).

16.     On or about May 22, 2014, Rocheville informed Goulden's wife of the sexual affair that Goulden was carrying on with Cheryl Bourdeleau.

17.     Shortly after Rocheville informed Goulden's wife of the sexual relationship with Cheryl, Goulden, Keenliside, John Does, Jane Does and Caprigno engaged in a concerted, deliberate, willful, intentional campaign to punish Rocheville and to humiliate him, hold him up to ridicule and to emotionally harm him so as to make his life in the Town of Pelham, New Hampshire a "living hell" and to drive him out of town.

18.     When Goulden left the Pelham Police Department for his position in Shirley, Massachusetts the harassement and intimidation campaign stopped.

19.     John Doe, a Lieutenant, advised Rocheville, on or about October 18, 2016, when he was acting as a civil standby at Rocheville's house that "you should have kept your mouth shut and not told his wife" and when you "fuck with one of us, you fuck with us all."

20.     On or about September, 2014, Goulden advised Rocheville that if "he didn't watch it he would put a round in his head".

21.     Between the dates October 4, 2016 and on or about May 1, 2017 Rocheville was stopped by various Pelham Police Officers while driving in Pelham, New Hampshire. Shortly thereafter a number of Pelham Police cruisers would appear as backup with their flashing blue lights. Rocheville does not know that names of the back-up Pelham Police officers. As a result of the multiple police stops, Rocheville was never charged with a moving violation or crime. The automobile stops were done to harass and intimidate Rocheville and not for any legitimate or lawful purpose.

22.     In December 2016, Rocheville went to the Pelham Police Department to pay some veterinarian bills in order to retrieve some of his dogs that were confiscated. While in the lobby Rocheville was assaulted by Lieutenant Keenliside when he bumped into Rocheville's chest and then stated "what the fuck are you looking at", "what is your fucking problem?" Lieutenant Keenliside and Caprigno began to laugh at him.

23.     When Rocheville left the Police Department he discovered that there were a number of Pelham police cruisers blocking his vehicle and his ability to back out of the parking space. After forty-five (45) minutes the police cruisers left.

24.     Rocheville brought to Defendant, McCarthy, in his capacity as acting Chief, the intimidation campaign that was being waged against him by the Pelham police officers. McCarthy told Rocheville that he would look into it. Upon information and belief McCarthy took no steps to stop the intimidation and harassment campaign waged by the Pelham Police Department Officers and the intimidation and harassment continued while he was still employed by Pelham. When Defendant, O'Roark, was Chief, Rocheville advised him of the harassment yet the campaign of intimidation and harassment continued.

25.     Rocheville also brought to the attention of the Town of Pelham Board of Selectmen the concerted campaign of harassment and intimidation that was being waged by the Pelham Police Officers and they failed to act or implement any steps to curtail that activity.

26.     Caprigno, who was the animal control officer, obtained a search warrant to search Rocheville's residence for abused animals. Goulden is Caprigno's supervisor.

27.     On October 18, 2016, the search warrant that was predicated upon false information was executed. Goulden, who headed the Pelham SWAT Team, was present as well as other SWAT team members who were armed with AKCs. Upon executing the search warrant Caprigno confiscated a number of dogs.

28.     Rocheville had no criminal record, no motor vehicle record and never engaged in any prior conduct that would warrant the use of a SWAT team to execute an Animal Cruelty Warrant. The SWAT team damaged Rocheville's entry door unnecessarily since there was no need to use force because the door was unlocked.

29.     The use of the Pelham Police Department's SWAT Team was part of the Department's systemic campaign to harass, frighten and drive Rocheville out of the Town of Pelham.

30.     Beginning on or after October 18, 2016 Caprigno threatened Rocheville's ex-girlfriend, Michelle Stone, that if she did not install a tracking device on Rocheville's telephone she would be arrested for animal cruelty.

31.     Rocheville's ex-girlfriend, Michelle Stone, on or about October 18, 2018, did install a tracking device and the Police Department was able to obtain information concerning Rocheville's travel. Rocheville's ex-girlfriend, Michelle, was never charged with animal cruelty.

32.     In addition to the activity that was a part of the concerted campaign of intimidation and harassment, Rocheville was libeled and slandered by various people and was called a "vicious little man" by Caprigno.

33.     On or about October 26, 2016 Caprigno caused to be issued ten (10) Class A Misdemeanor Complaints Alleging Animal Cruelty against Rocheville.

34.     This misuse of the criminal justice system was part of the concerted campaign that was being waged against Rocheville by the Pelham Police Department.

35.     As a result of the criminal charges and the widespread publication of these charges in area newspapers, Rocheville's parental rights to his two (2) sons has been curtailed and his relationship with his two sons has been greatly impacted. A number of internet postings held him up to ridicule and the publication of the false information destroyed his business and business reputation. This conduct exacerbated his emotional distress.

36.     Rocheville for the past twenty (20) years has been actively involved with rescuing dogs. Rocheville has taken various training courses in handling dogs. Rocheville was a volunteer in assisting the Town of Pelham concerning dog issues. Rocheville has volunteered his services to various dog adoption facilities and has always been concerned with the welfare of dogs and his belief that dogs should not be euthanized if they do not have a home. Rocheville held various certifications. Rocheville expended several hours at the Pelham Fish and Game facility kennel operated by the Town of Pelham and staffed by ARNE Members. Rocheville did fabricate kennels, replace fencing, borrowed a thousand gallons of water when the facilities well failed and did bring in additional gallons of water for the dogs. Rocheville would also run errands for the facility by bringing the dogs to veterinary appointments, dropping dogs off, etc. Rocheville also spent five thousand dollars ($5,000.00) at Angel Memorial Hospital for a rescue dog, Onyx, who was treated for the parvovirus. This was one of the dogs that was confiscated by the Pelham Police Department.

37.     Rocheville has expended thousands of dollars in veterinarian bills for dogs that he has rescued in the past and those that were confiscated. He has found adoptive homes for dogs that he has rescued. He has spent thousands of dollars feeding dogs that he has rescued and other

significant expenses. Rocheville was forced to expend thousands of dollars for an attorney to represent him and fight the criminal charges.

38.     As a result of the publication of Rocheville's arrest for animal cruelty his name appeared in the newspaper that was circulated in the Pelham area as well as state wide and on the internet. As a result of the false charges, Rocheville was subjected to a barrage of verbal abuse, attacks, insults, and intimidation by the general public. At a hearing before Judge Stevens at the Salem District Court the Prosecutor was told "don't bring this in front of me again. Don't waste the Court's time."

39.     On May 1, 2017 all of the pending criminal complaints were Nol Prosed by a new prosecutor. During the time that some of the dogs confiscated from Rocheville's home were in the care of Caprigno and the Town of Pelham they were injured and mistreated.

40.     Caprigno on or after October 18, 2016 disseminated a derogatory statement that was heard by third parties as follows:  "He is an evil little man." Rocheville "needed counseling, and was not right in the head." Caprigno repeatedly threatened Rocheville that he "would be going to jail for at least two (2) years" and "pack your toothbrush." That she would "destroy" him. He would "never own another dog." When she went to Rocheville's house for an inspection she told him with a grin that Oreo or Bravo had been "euthanized", or that Cooper was "euthanized." These and other statements were made purposely to harass and cause emotional distress.

41.     Jody Harris-Stern on October 4, 2016, disseminated at least one (1) known derogatory statement when she accused Rocheville of stealing her dogs, called him a "vicious little man" and posted many defamatory statements on line. She promised Michelle a dog by the name of Casper if she would help "destroy" Rocheville.

42.     In late October/November 2016, Michael McCall, the Pelham Prosecutor, disseminated the following derogatory statement as follows: that Rocheville was "a fucking loser" and that his attorney was "wasting his time" because Rocheville "has no money and will never have another dog." He stated that Rocheville "is a piece of shit."

43.     Rocheville reserves the right to amend the facts set forth in the Complaint during discovery.

### III. CAUSE OF ACTION

COUNT ONE - VIOLATION OF CONSTITUTIONAL RIGHTS (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH O'ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)

44.    Rocheville incorporates by reference all the allegations contained in paragraphs 1-43 not inconsistent herein.

45.    The Defendants, Thomas Goulden, Brian McCarthy, Joseph O'Roark, Allison Caprigno, John Does and Jane Does, are police officers employed by the Town of Pelham, a Municipal Corporation in the County of Hillsborough and State of New Hampshire.

46.    The actions of the Defendants arise under the United States Constitution particularly under the provisions of the Fourteenth Amendment to the Constitution of the United States (Art. VI, U.S. Constitution Article XIV, U.S. Constitution and under federal law particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, (42 U.S.C.A. §1983).

47.    Each of the acts of Defendants, Goulden, McCarthy, O'Roark, Caprigno, John Does and Jane Does, alleged in this complaint were done by Defendants under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New Hampshire, Town of Pelham, and under the authority of their offices as police officers for the Town of Pelham.

48.    Rocheville was subject to arrest and charged with ten (10) separate Class A Misdemeanors that were improperly issued based upon inaccurate information and subsequently disposed of without any finding of guilt. There was no basis for Rocheville's arrest. The Defendants inflicted punishment on Rocheville for his statements to Goulden's wife about Goulden's infidelity.

49.    Rocheville was required to retain an attorney and engage in expensive discovery as a result of the issuance of the criminal complaints.

50.    The police officers did restrict Rocheville's movement and did falsely imprison him by not allowing him to leave the police station and the illegal traffic stops.

51.    Rocheville did sustain serious personal injuries as set forth herein, emotional distress, anxiety, embarrassment, humiliation, publication of his arrest, finger printing and photographing.

52.    The injuries sustained by Rocheville were a direct and proximate result of the conduct of the Defendants, Goulden, McCarthy, O'Roark, Caprigno, John Does and Jane Does.

53.     The conduct of the Defendants, Goulden, McCarthy, O'Roark, Caprigno, John Does and Jane Does, deprived Rocheville of the following privileges and immunities secured to him by the Constitution of the United States:

      a.     The right of Rocheville not be deprived of life, liberty or property without due process of law and the right to equal protection of the law secured by the fourteenth Amendment to the Constitution of the United States (Art. XIV U.S. Constitution).

      b.     The right of free movement and other privileges and immunities.

      c.     The right to privacy.

54.     The Defendants could not reasonably believe that their conduct was lawful.

55.     The acts of the Defendants were performed maliciously and in bad faith while wearing their police uniforms for the Town of Pelham and while using Town of Pelham police cruisers.

56.     The acts of the Defendants were performed willingly, wantonly, recklessly, knowingly, intentionally and maliciously by reason on which Rocheville is entitled to an award of punitive damages set forth herein, compensatory damages and attorney fees.

## COUNT TWO - VIOLATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. Section 1985, (3) CONSPIRACY) (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH O'ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)

57.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-56 not inconsistent herein.

58.     The Defendants while engaged in the concerted campaign to intimidate, harass, ridicule and harm Rocheville did agree to engage in misconduct.

59.     The conspiracy was formed for the purpose of depriving either directly or indirectly Rocheville of the equal protection of the laws or of equal privileges and immunities under the laws.

60.     The acts and furtherance of the conspiracy are set forth herein.

61.     By agreeing to engage in a civil conspiracy, knowing that such conspiracy was illegal, and involved the use of misconduct and abuse of authority, as law enforcement officers the conspiracy caused Rocheville injuries of his person and/or his property and/or deprived him of his right and privilege of being a citizen of the United States.

62.     Rocheville was deprived of his constitutional rights as a result of the official policy or schematic widespread repetitive conduct amounting to a custom followed by the Town of Pelham as a matter of course or due to its inaction enabling the illegal conduct.

63.     That the Defendants acted under color of state law.

64.     That the policy/practice or custom was a substantial factor in causing the constitutional deprivation of rights complained of herein.

## COUNT THREE - CIVIL CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH O'ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND TOWN OF PELHAM)

65.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-64 not inconsistent herein.

66.     The Defendants, did agree to engage in a course of conduct that was designed to harass, intimidate, ridicule, defame and cause serious emotional distress to Rocheville with resulting damages.

67.     That the agreement that the Defendants entered into was for unlawful purposes by using their authority as law enforcement officials when such conduct they knew or should have known was illegal and not consistent with the duties of a law enforcement official. Their conduct was motivated by malice so as to punish Rocheville.

68.     That as a result of the concerted unlawful acts perpetrated by the Defendants Rocheville has been damaged as set forth herein.

## COUNT FOUR - FALSE IMPRISIONMENT (THOMAS GOULDEN, KEENLISIDE, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)

69.     Rocheville incorporates by reference all the allegations contained in paragraphs 1 - 68 not inconsistent herein.

70.     Rocheville was unlawfully restrained and confined without valid legal authority while at the Pelham Police Department and during the numerous illegal traffic stops by the Pelham police officers.

71.     The Defendants acted with the intention of restraining and confining Rocheville within the Pelham Police facilities and on the Pelham roadways.

72.     The acts of the Defendants directly and indirectly resulted in Rocheville's restraint and confinement.

73.     Rocheville knew at the time of the Defendants acts that he was being restrained and that he suffered harm as a result of the Defendants confinement.

74.     Rocheville did sustain damages as set forth herein as a result of Defendants' conduct in restraining and confining him against his will.

## COUNT FIVE - ASSAULT AND BATTERY (GOULDEN, KEENLISIDE AND TOWN OF PELHAM)

75.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-74 not inconsistent herein.

76.     The Defendants did physically come in contact with Rocheville by deliberately bumping into his chest while at the police station. The Defendant, Goulden, did repeatedly push Rocheville when Rocheville was performing field sobriety tests at the request of Officer Goulden.

77.     The Defendants acted with the intention of causing physical harm to Rocheville.

78.     The Defendants did not have the right, privilege or license to physically come in contact with Rocheville.

79.     As a result of the assault Rocheville sustained damages as set forth herein.

## COUNT SIX - MALICIOUS PROSECUTION (CAPRIGNO AND TOWN OF PELHAM)

80.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-79 not inconsistent herein.

81.     Rocheville was charged with ten (10) complaints in the Salem District Court.

82.     The Defendants did not have probable cause for the initiation of the criminal complaint and did so in retaliation because of Rocheville's disagreement with Goulden.

83.     The Defendants did maliciously cause the complaints to issue and the complaints were not issued for the primary purpose of bringing Rocheville to justice but rather ill-will, hostility, malice or to harm Rocheville.

84.     Rocheville's charges were Nol Prosed by the Prosecutor.

85.     That the presiding Justice at the Salem District Court had serious concerns about the charges that were being prosecuted by the Town of Pelham.

86.     That as result of Defendants' conduct Rocheville has incurred damages and losses as set forth herein.

## COUNT SEVEN - ABUSE OF PROCESS (CAPRIGNO, TOWN OF PELHAM, GOULDEN, KEENLISIDE, JOHN DOES AND JANE DOES)

87.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-86 not inconsistent herein.

88.     The Defendants did cause to be issued several criminal complaints against Rocheville.

89.     The criminal complaints issued by the Defendants were not to punish Rocheville for any crime but to punish, humiliate, and force him to move from the Town of Pelham because of Rocheville's dispute with the Defendant, Goulden.

90.     The Defendants misused the search warrant process by providing false information to obtain the warrant.

91.     As a result of the Defendants abuse of process Rocheville has sustained damages as set forth herein.

## COUNT EIGHT - INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS (GOULDEN, KEENLISIDE, CAPRIGNO, MCCALL, JOHN DOES, JANE DOES AND TOWN OF PELHAM)

92.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-91 not inconsistent herein.

93.     The Defendants conduct as set forth herein was done either intentionally or recklessly.

94.     The conduct of the Defendants was extreme and outrageous. Their conduct exceeded all possible bounds of decency.

95.     The acts of the Defendants did cause Rocheville to suffer severe emotional distress and other damages as set forth herein.

COUNT NINE - DEFAMATION (CAPRIGNO, MCCALL AND STERN)

96.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-95 not inconsistent herein.

97.     The Defendants communicated or published defamatory statements concerning Rocheville to third parties who understand the defamatory meaning of the communication or publications. The defamatory statements that were either communicated or published by the Defendants were false.

98.     The defamatory statements tended to lower Rocheville in the esteem of any respectable group in the Town of Pelham and the surrounding towns.

99.     That as a result of the Defendants defamatory statements Rocheville suffered actual harm and injury to his reputation standing in the community, personal humiliation, mental anguish, suffering and the destruction of his business.

COUNT TEN - DEFAMATION PER SE (CAPRIGNO, MCCALL AND STERN)

100.     Rocheville incorporates by reference all the allegations contained in paragraphs 1-99 not inconsistent herein

101.     The defamatory statements that were published or communicated were made intentionally or without reasonable care in which the defamatory statements were communicated or published.

102.     The defamatory statements concern Rocheville and were made to third parties who understood the defamatory meaning.

103.     The publication of the defamatory statements amounted to Libel Per Se and Slander Per Se.

104.     The defamatory statements that were communicated or published injured Rocheville's business due to the harm to his reputation, the ridicule and humiliation that people felt toward Rocheville because of the defamatory statements and their desire not to do business with him.

COUNT ELEVEN - INVASION OF PRIVACY (CAPRIGNO AND TOWN OF PELHAM)

105.     Rocheville incorporates by reference all allegations contained in paragraphs 1 - 104 not inconsistent herein.

106.     The Defendant, Caprigno, in her capacity as the Animal Control Officer for the Town of Pelham threatened Michelle Stone that if she did not install a tracking device in Rocheville's cell phone she would be charged with criminal offenses.

107.     Michelle Stone pursuant to the threat installed the tracking device in Rocheville's cell phone.

108.     Michelle Stone did report to Caprigno the data collected by the device that Caprigno monitored.

109.     Caprigno wanted to discover where Rocheville was traveling as it related to Caprigno's criminal investigation.

110.     Caprigno failed to utilize lawful procedures to trace Rocheville's travel but utilized unlawful or unreasonable procedures.

111.     The utilization of Michelle Stone to install a tracking device for data that would be useful in criminal prosection by a law enforcement individual in their official capacity is offensive to a person of ordinary sensibilities.

112.     Rocheville has been damaged by the invasion of his privacy.

## IV     CONCLUSION

That as a result of the Defendants conduct as set forth herein, Rocheville did suffer personal injuries, loss of business, damage to his property, damage to his reputation, humiliation, ridicule, anxiety, emotional distress loss of enjoyment of life, unnecessary attorney's fees to defend the criminal case, unnecessary veterinarian bills, attorney's fees in prosecuting the within claim, other damages, and enhanced compensatory damages due to the Defendants conduct that was motivated by ill-will, hatred, hostility, and/or evil motive and punitive damages.

Respectfully submitted by,
Kevin Rocheville
Through his attorney,

Dated:  October 2, 2019

/s/ William Aivalikles
William Aivalikles, Esq., NH Bar #308
253 Main Street
Nashua NH 03060
(603)880-0303
william@nhtriallaw.com

Dated:  October 2, 2019

/s/ Kevin Rocheville
Kevin Rocheville

14

Filed
File Date: 11/19/2019 4:01 PM
Hillsborough Superior Court Southern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                    SUPERIOR COURT
SOUTHERN DISTRICT



Kevin Rocheville

v.

Thomas Goulden, et al.

True Copy Attest

*Marshall A. Buttrick*

Marshall A. Buttrick, Clerk of Court

November 20, 2019

Docket No. 226-2019-CV-00693

## **NOTICE OF REMOVAL TO HILLSBOROUGH SUPERIOR COURT**

To:     Marshall A. Buttrick, Clerk
        Hillsborough Superior Court
        Southern District
        30 Spring Street
        Nashua, NH 03060

Please take notice that Defendants Thomas Goulden, Matthew Keenlside, Joseph O'Rourke,

Michael McCall, Brian McCarthy, Allison Caprigno, and Town of Pelham have this day filed in the

Clerk's Office of the United States District Court for the District of New Hampshire, Concord,

New Hampshire a Notice of Removal, as shown by copy attached.

Under 28 U.S.C. §1446, the attached Notice of Removal effects removal of this action to

the United States District Court for the District of New Hampshire "and the State court shall

proceed no further unless and until the case is remanded."

Respectfully submitted,

**THOMAS GOULDEN, MATTHEW KEENLISIDE, JOSEPH O'ROARK, BRIAN MCCARTHY, ALLISON CAPRIGNO, TOWN OF PELHAM, and MICHAEL MCCALL**

By their Attorneys,

CULLENCOLLIMORE, PLLC

Dated:  November 19, 2019          By: /s/ Brian J.S. Cullen
                                                   Brian J. S. Cullen, NH Bar # 11265
                                                   10 East Pearl Street
                                                   Nashua, NH  03060
                                                   (603) 881-5500
                                                   bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record

Dated:  November 19, 2019          /s/ Brian J.S. Cullen
                                                   Brian J.S. Cullen, Bar #11265

Filed
File Date: 11/19/2019 4:01 PM
Hillsborough Superior Court Southern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                          SUPERIOR COURT
SOUTHERN DISTRICT

Kevin Rocheville

v.

Thomas Goulden, et al.



True Copy Attest

Marshall A. Buttrick, Clerk of Court

November 20, 2019

Docket No.  226-2019-CV-00693

**NOTICE OF REMOVAL TO PLAINTIFF KEVIN ROCHEVILLE**

To:      William Aivalikles, Esquire
         253 Main Street
         Nashua, NH  03060
         (603) 880-0303

         Defendants, Thomas Goulden, Matthew Keenliside, Joseph O'Roark, Michael McCall, Brian McCarthy, Allison Capringo, and Town of Pelham, hereby gives notice that the civil action entitled *Kevin Rocheville v. Thomas Goulden, et al.*, Hillsborough Superior Court, Southern District, has been removed to the United States District Court for the District of New Hampshire.

                              Respectfully submitted,

                              **THOMAS GOULDEN, MATTHEW KEENLISIDE, JOSEPH O'ROARK, BRIAN MCCARTHY, ALLISON CAPRIGNO, TOWN OF PELHAM, and MICHAEL MCCALL**

                              By their Attorneys,

                              CULLENCOLLIMORE, PLLC

Dated:  November19, 2019          By: /s/ Brian J.S. Cullen
                                  Brian J. S. Cullen, NH Bar # 11265
                                  10 East Pearl Street
                                  Nashua, NH  03060
                                  (603) 881-5500
                                  bcullen@cullencollimore.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.


Dated:  November 19, 2019                    /s/ Brian J.S. Cullen                           
                                             Brian J.S. Cullen, Bar #11265

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us



True Copy Attest **SUMMONS IN A CIVIL ACTION**



Marshall A. Buttrick, Clerk of Court
November 20, 2019

Case Name:     **Kevin Rocheville v Thomas Goulden, et al**
Case Number:    **226-2019-CV-00693**

Date Complaint Filed: October 02, 2019

A Complaint has been filed against Allison Caprigno; John Does; Jane Does; Thomas Goulden; Jody Harris-Stern; Matthew Keenliside; Michael McCall; Brian McCarthy; Joseph O'Roark; Town of Pelham NH in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| November 22, 2019 | Kevin Rocheville shall have this Summons and the attached Complaint served upon Allison Caprigno; John Does; Jane Does; Thomas Goulden; Jody Harris-Stern; Matthew Keenliside; Michael McCall; Brian McCarthy; Joseph O'Roark; Town of Pelham NH by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| December 13, 2019 | Kevin Rocheville shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Allison Caprigno; John Does; Jane Does; Thomas Goulden; Jody Harris-Stern; Matthew Keenliside; Michael McCall; Brian McCarthy; Joseph O'Roark; Town of Pelham NH must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Allison Caprigno; John Does; Jane Does; Thomas Goulden; Jody Harris-Stern; Matthew Keenliside; Michael McCall; Brian McCarthy; Joseph O'Roark; Town of Pelham NH:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| William E. Aivalikles, ESQ | Law Office of William E Aivalikles PA 60 Main Street Suite 230 Nashua NH  03060 |
| Thomas Goulden | Pelham Police Department 14 Village Green Pelham NH  03076 |
| Matthew Keenliside | Pelham Police Department 14 Village Green Pelham NH  03076 |
| Joseph O'Roark | Pelham Police Department 14 Village Green Pelham NH  03076 |
| Brian McCarthy | Pelham Police Department 14 Village Green Pelham NH  03076 |
| Allison Caprigno | Pelham Police Department 14 Village Green Pelham NH  03076 |
| John Does | Pelham Police Department 14 Village Green Pelham NH  03876 |

**This is a Service Document For Case: 226-2019-CV-00693**
**Hillsborough Superior Court Southern District**
**11/20/2019 11:05 AM**

Jane Does                    Pelham Police Department 14 Village Green Pelham NH  03076
Town of Pelham NH            6 Village Green Pelham NH  03076
Michael McCall               Town of Hudson 1 Constitution Drive Hudson NH  03051
Jody Harris-Stern            Looking Glass Animal Rescue PO Box 1175 Ridgefield CT
                             06877

BY ORDER OF THE COURT

October 08, 2019                    Marshall A. Buttrick
                                   Clerk of Court

(126921)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

# KEVIN ROCHEVILLE
# INSTRUCTIONS FOR SERVICE
# BY THE SHERIFF'S DEPARTMENT

Case Name:     **Kevin Rocheville v Thomas Goulden, et al**
Case Number:   **226-2019-CV-00693**

<u>**Instructions for:**</u> **Kevin Rocheville**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **November 22, 2019**.
<u>**Further action is required by you**</u>
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:          Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:           Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:          Rockingham County Sheriff's Department:
Coos County Sheriff's Department:              Strafford County Sheriff's Department:
Grafton County Sheriff's Department:           Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **November 22, 2019**.

If the Sheriff is unable to complete service by **November 22, 2019** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by December 13, 2019.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

# Important Service Information for Sheriff

## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
### PLEASE PRINT CLEARLY

Date: _____          Case #: _____

<u>**Who are you requesting to be served?**</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx-   _____   _____   _____   _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

<u>**Your Information:**</u>
Name (please print): _____

Residential address:          Mailing address:

_____          _____

Phone number to contact you during business hours:

_____   Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

## SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)

| | | |
|---|---|---|
| Fees Paid: $_____   Cash #: _____   Check#: _____ | | |
| Id#: _____   Waiver: _____   Money Order#: _____   Credit Card: _____ | | |
| Sheriff File # _____   Authorization #: _____ | | |

NHJB-2678-Se (07/01/2018)

<u>Instructions for filing the Return of Service</u>:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 226-2019-CV-00693 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

October 08, 2019 _____          Marshall A. Buttrick _____
Date                                                              Clerk of Court


You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:          **Kevin Rocheville v Thomas Goulden, et al**
Case Number:        **226-2019-CV-00693**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Southern District.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Hillsborough Superior Court Southern District** as the location.

3. Select "I am filing into an existing case".  Enter **226-2019-CV-00693** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

**Filed**
File Date: 11/20/2019 9:25 AM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: **Hillsborough Superior Court Southern District**

Case Name: **Kevin Rocheville v. Thomas Goulden, et al.**

Case Number: **226-2019-CV-00693**
(if known)

## REQUEST FOR DOCUMENTS

I am requesting:

☐ New Summons for service

I am requesting paperwork for service by (choose one):

☐ Sheriff  ☐ Certified Mail (if allowed by law)

Current address of person to be served:

_____
Address

_____
City          State     Zip code

☐ Writ of Execution (RSA 527:6)

☐ Original Writ (Writ of Attachment)

☐ Juror Questionnaires

☑ Certificates and Certified Copies
  ☑ Entire file     ☐ Document(s) (please list below)

_____

☐ Certificate of Judgment

☐ Exemplification of Judgment

**True Copy Attest**

*Marshall A. Buttrick*

Marshall A. Buttrick, Clerk of Court

November 20, 2019

---

**Brian J.S. Cullen, Esquire**
Name of Filer

**CullenCollimore, pllc      11265**
Law Firm, if applicable      Bar ID # of attorney

**10 East Pearl Street**
Address

**Nashua                NH ▾      03060**
City                State       Zip code

/s/ Brian J.S. Cullen                **11/20/2019**
Signature                          Date

**(603) 881-5500**
Telephone

**bcullen@cullencollimore.com**
E-mail

NHJB-4008-Se (07/01/2018)