UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

_____
                                        :
Kevin Rocheville                        :
                                        :
v.                                      :
                                        :
Thomas Goulden, Matthew Keenliside,     :        Civil Action No. 19-CV-01169-PB
Brian McCarthy, Joseph O'Roark,         :
Michael McCall, Allison Caprigno,       :
Jody Harris-Stern, John Does,           :
Jane Does, and Town of Pelham, NH       :
_____:

## ANSWER OF DEFENDANT ALLISON CAPRIGNO

## JURY DEMAND

Defendant demands a jury on all claims so triable.

### I.    PARTIES

1.      Defendant admits that the Plaintiff resided at 31 Jonathan Road in Pelham at all times relevant hereto.

2.      Denied.  Further answering, Defendant Goulden resigned as a full time officer on August 30, 2014 and resigned his part time position in May, 2015.

3.      Admitted.

4.      Denied.  Further answering, Defendant McCarthy resigned as a member of the Pelham Police Department effective May 30, 2014.

5.      Admitted, except that Defendant's surname is Roark.

6.      Admitted.

7.      Defendant lacks sufficient information to admit or deny the allegations of ¶7.

8.      Defendant lacks sufficient information to admit or deny the allegations of ¶8.

9.      Admitted.

10.     Denied.     Further answering, Defendant McCall is the Assistant Town Administrator for the Town of Chelmsford, Massachusetts.

11.     Defendant admits that Jody Harris was at relevant times herein affiliated with Looking Glass Animal Rescue in Connecticut.

## II.    FACTS

12.     Defendant hereby incorporates the answers set forth in paragraphs 1-12 as if fully set forth herein

13.     Denied.  Further answering, Goulden was employed as a patrol officer for the Pelham Police Department from 2011 until August 30, 2014.  Thereafter, he nominally held a position as a part time officer although he did not work regularly for the Town.  He resigned his part time position in May, 2015.

14.     Defendant lacks sufficient information to admit or deny the allegations of ¶14, except that Officer Goulden was never rehired by Pelham after he left Shirley.

15.     Defendant lacks sufficient information to admit or deny the allegations of ¶15.

16.     Defendant lacks sufficient information to admit or deny the allegations of ¶16.

17.     Denied.

18.     There having been no campaign of harassment or intimidation the allegations of ¶18 are denied.

19.     Defendant lacks sufficient information to admit or deny the allegations of ¶19.

20.     Defendant lacks sufficient information to admit or deny the allegations of ¶20.

21.     Defendant lacks sufficient information to admit or deny the allegations of ¶21.

22.     Defendant admits that on December 14, 2014 Plaintiff came to the Pelham Police Department to reimburse veterinarian bills incurred caring for dogs that had been in his custody.

Defendant denies the remaining allegations of this paragraph.

23.     Denied.

24.     Defendant lacks sufficient information to admit or deny the allegations of ¶24.

25.     Defendant lacks sufficient information to admit or deny the allegations of ¶25.

26.     Defendant admits that she obtained a search warrant for Plaintiff's residence after obtaining enough evidence to establish probable cause that Plaintiff was in violation of animal welfare statutes.  Defendant denies all further allegations of this paragraph.

27.     Defendant admits that the search warrant was executed on October 18, 2016 and that, in accordance therewith, Defendant seized ten adult dogs and eight puppies.  Defendant denies all further allegations of this paragraph.

28.     Defendant admits that circumstances leading up to the execution of the warrant would not require the use of a SWAT team, and observes that no such SWAT team was used. Defendant denies the remaining allegations of this paragraph.

29.     Denied.

30.     Denied.

31.     Defendant admits that Ms. Stone was never charged with animal cruelty. Defendant otherwise denies the allegations of this paragraph.  Further answering, Defendant admits that Ms. Stone informed her that she had the common application "track my iPhone" and through that had observed that the Plaintiff was travelling to numerous towns in the days preceding the execution of the search warrant.

32.     Denied.

33.     Admitted.

34.     Denied.

35.     Defendant admits that the criminal charges brought against the Plaintiff were published in at least one area newspaper.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

36.     Defendant admits that the Town of Pelham owns and operates a shelter on property owned by the Fish & Game and that at times the Animal Rescue of Northern New England (ARNNE) houses animals at the facility with permission of the Town.  Defendant further admits that volunteers for ARNNE at times care for animals under its custody at that facility.  Defendant admits that the Plaintiff at one time was a volunteer ARNNE.  Defendant admits that a dog known as Onyx was one of the dogs confiscated as a result of the execution of the search warrant.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

37.     Defendant lacks sufficient information to admit or deny the allegations of ¶37.

38.     Defendant admits that Plaintiff's arrest for animal cruelty was published in at least one newspaper in the area and appeared on the internet.  Defendant denies that the charges were false.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

39.     Defendant admits that on or about May 1, 2017, the criminal complaints were nol prossed by the Pelham Police Prosecutor.  Defendant further admits that one dog in the Town's care was injured by another dog also in the Town's care when it pushed through or under a fence between them.  Both dogs were originally seized from the Plaintiff, who failed to advise Defendant that the dog had aggressive behaviors.  Defendant denies all further allegations of this paragraph.

40.     Denied.

41.     Defendant lacks sufficient information to admit or deny the allegations of ¶41.

42.     Defendant lacks sufficient information to admit or deny the allegations of ¶42.

43.     This paragraph does not contain any allegations that require a response.

### III.    CAUSE OF ACTION

**COUNT ONE – VIOLATION OF CONSTITUTIONAL RIGHTS (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

44.     Defendant hereby incorporates the answers set forth in paragraphs 1-43 as if fully set forth herein.

45.     Denied.  Further answering, Thomas Goulden and Brian McCarthy are no longer employed by the Town of Pelham, having resigned in 2014 to pursue other opportunities. Defendant admits that she and Joseph Roark are police officers employed by the Town of Pelham.

46.     This paragraph is a statement of law to which no response is required.

47.     Defendant admits that at all times she acted under the color of law and in the scope and course of her employment as a police officer for the Town of Pelham.

48.     Defendant admits that Plaintiff was arrested and charged with ten Class A misdemeanors based on his treatment of animals in his care.  Defendant denies all further allegations of this paragraph.

49.     Defendant lacks sufficient information to admit or deny the allegations of ¶49.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

5

55.   Denied.

56.   Denied.

**COUNT TWO – VIOLATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. Section 1985 (3) CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

57.   Defendant hereby incorporates the answers set forth in paragraphs 1-56 as if fully set forth herein.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Defendant admits that all times she acted under the color of law but denies any improper conduct.

64.   Denied.

**COUNT THREE – CIVIL CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

65.   Defendant hereby incorporates the answers set forth in paragraphs 1-64 as if fully set forth herein.

66.   Denied.

67.   Denied.

68.   Denied.

**COUNT FOUR – FALSE IMPRISONMENT (THOMAS GOULDEN, KEENLISIDE, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

69.   Defendant hereby incorporates the answers set forth in paragraphs 1-68 as if fully

set forth herein.

 70. Denied.

 71. Denied.

 72. Denied.

 73. Denied.

 74. Denied.

## COUNT FIVE – ASSAULT AND BATTERY (GOULDEN, KEENLISIDE AND TOWN OF PELHAM)

 75. Defendant hereby incorporates the answers set forth in paragraphs 1-74 as if fully set forth herein.

 76. Defendant denies that Sgt. Keenliside had any physical contact with the Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

 77. Denied.

 78. Denied.

 79. Denied.

## COUNT SIX – MALICIOUS PROSECUTION (CAPRIGNO AND TOWN OF PELHAM)

 80. Defendant hereby incorporates the answers set forth in paragraphs 1-79 as if fully set forth herein.

 81. Admitted.

 82. Denied.

 83. Denied.

 84. Admitted.

 85. Defendant lacks sufficient information to admit or deny the allegations of ¶85.

86.     Denied.

## COUNT SEVEN – ABUSE OF PROCESS (CAPRIGNO, TOWN OF PELHAM, GOULDEN, KEENLISIDE, JOHN DOES AND JANE DOES)

87.     Defendant hereby incorporates the answers set forth in paragraphs 1-86 as if fully set forth herein.

88.     Admitted.

89.     Denied.

90.     Denied.

91.     Denied.

## COUNT EIGHT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (GOULDEN, KEENLISIDE, CAPRIGNO, MCCALL, JOHN DOES, JANE DOES AND TOWN OF PELHAM)

92.     Defendant hereby incorporates the answers set forth in paragraphs 1-91 as if fully set forth herein.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT NINE – DEFAMATION (CAPRIGNO, MCCALL AND STERN)

96.     Defendant hereby incorporates the answers set forth in paragraphs 1-95 as if fully set forth herein.

97.     Denied.

98.     Denied.

99.     Denied.

## COUNT TEN – DEFAMATION PER SE (CAPRIGNO, MCCALL AND STERN)

100.     Defendant hereby incorporates the answers set forth in paragraphs 1-99 as if fully

set forth herein.

     101.    Denied.

     102.    Denied.

     103.    Denied.

     104.    Denied.

**COUNT ELEVEN– INVASION OF PRIVACY (CAPRIGNO AND TOWN OF PELHAM)**

     105.    Defendant hereby incorporates the answers set forth in paragraphs 1-104 as if fully set forth herein.

     106.    Denied.

     107.    Denied.

     108.    Denied.

     109.    Defendant admits that it appeared that the Plaintiff was moving dogs that had been at his home to other locations.  Out of concern for the well-being of those dogs, Defendant was interested in discovering where he had brought them.  Defendant denies that she took any improper actions to discover that information.

     110.    Denied.

     111.    The assertion that Defendant instructed Ms. Stone to install tracking device or data is denied.

     112.    Denied.

## IV.    CONCLUSION

All factual allegations of the conclusion are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim on which relief can be granted, including, but not

limited to, insufficiently alleging facts to support facts for claims of conspiracy (Counts II and III), *see Iqbal v. Ashcroft,* 556 U.S. 662 (2009), and defamation (Counts IX and X).

## SECOND AFFIRMATIVE DEFENSE

The Defendant is immune from liability from any federal claims pursuant to the doctrine of qualified immunity.  *See Harlow v. Fitzgerald*, 475 U.S. 800 (1982).

## THIRD AFFIRMATIVE DEFENSE

The Defendant is immune from liability for state law claims, under the laws of the State of New Hampshire, including but not limited to RSA 507-B, and pursuant to Official Immunity. *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by RSA 507-B and any damages thereon are limited by that statute.

Defendant reserves the right to supplement this list of Affirmative Defenses as discovery progresses.

Respectfully submitted,

**ALLISON CAPRIGNO**

By her Attorneys,

CULLENCOLLIMORE, PLLC

Dated:  December 13, 2019          By: /s/ Brian J.S. Cullen
                                   Brian J. S. Cullen, NH Bar # 11265
                                   10 East Pearl Street
                                   Nashua, NH  03060
                                   (603) 881-5500
                                   bcullen@cullencollimore.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.


Dated:  December 13, 2019                    /s/ Brian J.S. Cullen
                                                        Brian J.S. Cullen