UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

_____
                                        :
Kevin Rocheville                        :
                                        :
v.                                      :
                                        :
Thomas Goulden, Matthew Keenliside,     :    Civil Action No. 19-CV-01169-PB
Brian McCarthy, Joseph O'Roark,         :
Michael McCall, Allison Caprigno,       :
Jody Harris-Stern, John Does,           :
Jane Does, and Town of Pelham, NH       :
_____:

## <u>ANSWER OF DEFENDANT THOMAS GOULDEN</u>

### <u>JURY DEMAND</u>

Defendant demands a jury on all claims so triable.

### I.     PARTIES

1.     Defendant admits that the Plaintiff resided at 31 Jonathan Road in Pelham at all times relevant hereto.

2.     Denied.  Further answering, Defendant resigned as a full time officer on August 30, 2014 and resigned his part time position in May, 2015.

3.     Admitted.

4.     Denied.  Further answering, Defendant McCarthy resigned as a member of the Pelham Police Department effective May 30, 2014.

5.     Admitted, except that Defendant's surname is Roark.

6.     Admitted.

7.     Defendant lacks sufficient information to admit or deny the allegations of ¶7.

8.     Defendant lacks sufficient information to admit or deny the allegations of ¶8.

9.     Admitted.

10.    Denied.    Further answering, Defendant McCall is the Assistant Town Administrator for the Town of Chelmsford, Massachusetts.

11.    Defendant lacks sufficient information to admit or deny the allegations of ¶11.

## II.    FACTS

12.    Defendant hereby incorporates the answers set forth in paragraphs 1-12 as if fully set forth herein

13.    Denied.  Further answering, Defendant was employed as a full time patrol officer for the Pelham Police Department from 2011 until August 30, 2014.  Thereafter, Defendant held a position as a part time officer although he did not work regularly for the Town.  He resigned his part time position in May, 2015.

14.    Defendant admits that he was employed by the Town of Brookline, New Hampshire as Chief from 1997 to 2010.  Defendant was hired by Town of Pelham effective September 18, 2011, a position he held as a full time officer until August 30, 2014.  At that time, Defendant took a position with the Town of Shirley, Massachusetts as Chief of Police.  Defendant Goulden was not employed at Pelham at any time thereafter.  Defendant denies all allegations inconsistent with this response.

15.    Denied.

16.    Defendant admits that on or about May 22, 2014 the Plaintiff told his wife that he was having an affair with Cheryl Bourdeleau.  Defendant denies that he was in fact having such an affair.

17.    Denied.

18.    There having been no campaign of harassment or intimidation the allegations of ¶18 are denied.

19.     Defendant lacks sufficient information to admit or deny the allegations of ¶19.

20.     Denied.

21.     Defendant lacks sufficient information to admit or deny the allegations of ¶21.

22.     Defendant lacks sufficient information to admit or deny the allegations of ¶22.

23.     Defendant lacks sufficient information to admit or deny the allegations of ¶23.

24.     Denied.   Further answering, at some point in 2014, Defendant McCarthy approached Defendant and asked him about an interaction he had with Ms. Bourdeleau. Defendant explained that he had known Ms. Bourdeleau since she worked with him in the private sector years before.  Defendant further advised Defendant McCarthy that Ms. Bourdeleau had unexpectedly pulled alongside him as he was parked on duty and updated him on a court case she was involved in.   They spoke for about twenty minutes.   Defendant denies all allegations of this paragraph inconsistent with this response.

25.     Defendant lacks sufficient information to admit or deny the allegations of ¶25.

26.     Defendant admits that Officer Caprigno was an Animal Control Officer while Defendant while employed at the Pelham Police Department.  Defendant denies that he was ever Caprigno's supervisor.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

27.     Defendant lacks sufficient information to admit or deny the allegations of ¶27.

28.     Defendant lacks sufficient information to admit or deny the allegations of ¶28.

29.     Defendant lacks sufficient information to admit or deny the allegations of ¶29.

30.     Defendant lacks sufficient information to admit or deny the allegations of ¶30.

31.     Defendant lacks sufficient information to admit or deny the allegations of ¶31.

32.     Defendant lacks sufficient information to admit or deny the allegations of ¶32.

33.     Defendant lacks sufficient information to admit or deny the allegations of ¶33.

34.     Defendant lacks sufficient information to admit or deny the allegations of ¶34.

35.     Defendant lacks sufficient information to admit or deny the allegations of ¶35.

36.     Defendant lacks sufficient information to admit or deny the allegations of ¶36.

37.     Defendant lacks sufficient information to admit or deny the allegations of ¶37.

38.     Defendant lacks sufficient information to admit or deny the allegations of ¶38.

39.     Defendant lacks sufficient information to admit or deny the allegations of ¶39.

40.     Defendant lacks sufficient information to admit or deny the allegations of ¶40.

41.     Defendant lacks sufficient information to admit or deny the allegations of ¶41.

42.     Defendant lacks sufficient information to admit or deny the allegations of ¶42.

43.     This paragraph does not contain any allegations that require a response.

### III.     CAUSE OF ACTION

**COUNT ONE – VIOLATION OF CONSTITUTIONAL RIGHTS (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

44.     Defendant hereby incorporates the answers set forth in paragraphs 1-43 as if fully set forth herein.

45.     Defendant admits that Roark and Caprigno are current officers employed by the Town of Pelham and that Defendants Goulden and McCarthy were once so employed. Defendant denies all further allegations of this paragraph.

46.     This paragraph is a statement of law to which no response is required.

47.     Defendant admits that at all times he acted under the color of law.

48.     Defendant lacks sufficient information to admit or deny the allegations of ¶48.

49.     Defendant lacks sufficient information to admit or deny the allegations of ¶49.

50.     Defendant lacks sufficient information to admit or deny the allegations of ¶50.

51.     Defendant lacks sufficient information to admit or deny the allegations of ¶51.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

**COUNT TWO – VIOLATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. SECTION 1985 (3) CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

57.     Defendant hereby incorporates the answers set forth in paragraphs 1-56 as if fully set forth herein.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

**COUNT THREE – CIVIL CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

65.     Defendant hereby incorporates the answers set forth in paragraphs 1-64 as if fully set forth herein.

66.     Denied.

67.     Denied.

68.     Denied.

## COUNT FOUR – FALSE IMPRISONMENT (THOMAS GOULDEN, KEENLISIDE, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)

69.     Defendant hereby incorporates the answers set forth in paragraphs 1-68 as if fully set forth herein.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

## COUNT FIVE – ASSAULT AND BATTERY (GOULDEN, KEENLISIDE AND TOWN OF PELHAM)

75.     Defendant hereby incorporates the answers set forth in paragraphs 1-74 as if fully set forth herein.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT SIX – MALICIOUS PROSECUTION (CAPRIGNO AND TOWN OF PELHAM)

80.     Defendant hereby incorporates the answers set forth in paragraphs 1-79 as if fully set forth herein.

81-86.  Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT SEVEN – ABUSE OF PROCESS (CAPRIGNO, TOWN OF PELHAM, GOULDEN, KEENLISIDE, JOHN DOES AND JANE DOES)**

87.     Defendant hereby incorporates the answers set forth in paragraphs 1-86 as if fully set forth herein.

88.     This Defendant did not issue any criminal complaints against the Plaintiff.

89.     Denied.

90.     Denied.

91.     Denied.

**COUNT EIGHT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (GOULDEN, KEENLISIDE, CAPRIGNO, MCCALL, JOHN DOES, JANE DOES AND TOWN OF PELHAM)**

92.     Defendant hereby incorporates the answers set forth in paragraphs 1-91 as if fully set forth herein.

93.     Denied.

94.     Denied.

95.     Denied.

**COUNT NINE – DEFAMATION (CAPRIGNO, MCCALL AND STERN)**

96.     Defendant hereby incorporates the answers set forth in paragraphs 1-95 as if fully set forth herein.

97-99.  Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT TEN – DEFAMATION PER SE (CAPRIGNO, MCCALL AND STERN)**

100.    Defendant hereby incorporates the answers set forth in paragraphs 1-99 as if fully set forth herein.

101-104. Defendant does not answer this Count as it is not alleged against this Defendant.

## COUNT ELEVEN– INVASION OF PRIVACY (CAPRIGNO AND TOWN OF PELHAM)

105.   Defendant hereby incorporates the answers set forth in paragraphs 1-104 as if fully set forth herein.

106-112. Defendant does not answer this Count as it is not alleged against this Defendant.

## IV.   CONCLUSION

All factual allegations of the conclusion are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim on which relief can be granted, including, but not limited to, Counts II and III (Alleging Conspiracy) and Count VIII (Unintentional Infliction of Emotional Distress) as the allegations against this Defendant are insufficient to satisfy any showing of extreme and outrageous conduct.

### SECOND AFFIRMATIVE DEFENSE

The Defendant sued in his individual capacity is immune from liability from any federal claims pursuant to the doctrine of qualified immunity.  *See Harlow v. Fitzgerald*, 475 U.S. 800 (1982).

### THIRD AFFIRMATIVE DEFENSE

The Defendant is immune from liability for state law claims under the laws of the State of New Hampshire, including but not limited to RSA 507-B, and pursuant to Official Immunity and Discretionary Function Immunity.  *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by RSA 507-B and any damages thereon are limited by that statute.

Defendant reserves the right to supplement this list of Affirmative Defenses as discovery progresses.

Respectfully submitted,

**THOMAS GOULDEN**

By his Attorneys,

CULLENCOLLIMORE, PLLC

Dated:  December 13, 2019       By: /s/ Brian J.S. Cullen
                                    Brian J. S. Cullen, NH Bar # 11265
                                    10 East Pearl Street
                                    Nashua, NH  03060
                                    (603) 881-5500
                                    bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  December 13, 2019            /s/ Brian J.S. Cullen
                                     Brian J.S. Cullen