UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kevin Rocheville | : |
| | : |
| v. | : |
| | : |
| Thomas Goulden, Matthew Keenliside, | : Civil Action No. 19-CV-01169-PB |
| Brian McCarthy, Joseph O'Roark, | : |
| Michael McCall, Allison Caprigno, | : |
| Jody Harris-Stern, John Does, | : |
| Jane Does, and Town of Pelham, NH | : |

## ANSWER OF DEFENDANT MATTHEW KEENLISIDE

## JURY DEMAND

Defendant demands a jury on all claims so triable.

### I.   PARTIES

1. Defendant admits that the Plaintiff resided at 31 Jonathan Road in Pelham at all times relevant hereto.

2. Denied. Further answering, Defendant Goulden resigned as a full time officer on August 30, 2014 and resigned his part time position in May, 2015.

3. Admitted.

4. Denied. Further answering, Defendant McCarthy resigned as a member of the Pelham Police Department effective May 30, 2014.

5. Admitted, except that Defendant's surname is Roark.

6. Admitted.

7. Defendant lacks sufficient information to admit or deny the allegations of ¶7.

8. Defendant lacks sufficient information to admit or deny the allegations of ¶8.

9. Admitted.

10. Denied. Further answering, Defendant McCall is the Assistant Town Administrator for the Town of Chelmsford, Massachusetts.

11. Defendant lacks sufficient information to admit or deny the allegations of ¶11.

## II.   FACTS

12. Defendant hereby incorporates the answers set forth in paragraphs 1-12 as if fully set forth herein

13. Denied. Further answering, Goulden was employed as a patrol officer for the Pelham Police Department from 2011 until August 30, 2014. Thereafter, he nominally held a position as a part time officer although he did not work regularly for the Town. He resigned his part time position in May, 2015.

14. Defendant lacks sufficient information to admit or deny the allegations of ¶14, except that Officer Goulden was never rehired by Pelham after he left Shirley.

15. Defendant lacks sufficient information to admit or deny the allegations of ¶15.

16. Defendant lacks sufficient information to admit or deny the allegations of ¶16.

17. Denied.

18. There having been no campaign of harassment or intimidation the allegations of ¶18 are denied.

19. Defendant lacks sufficient information to admit or deny the allegations of ¶19.

20. Defendant lacks sufficient information to admit or deny the allegations of ¶20.

21. Defendant lacks sufficient information to admit or deny the allegations of ¶21.

22. Defendant admits that on December 14, 2014 Plaintiff came to the Pelham Police Department to reimburse veterinarian bills incurred caring for dogs that had been in his custody. Defendant denies the remaining allegations of this paragraph.

23. Denied.

24. Defendant lacks sufficient information to admit or deny the allegations of ¶24.

25. Defendant lacks sufficient information to admit or deny the allegations of ¶25.

26. Defendant admits that Officer Caprigno was at all relevant time Animal control Officer for the Pelham Police Department and that Officer Caprigno obtained a search warrant to search Plaintiff's residence. All further allegations of this paragraph are denied.

27. Defendant admits that on or about October 18, 2016, the search warrant obtained by Officer Caprigno was executed at his residence, resulting in the confiscation of a number of dogs. Defendant denies all further allegations of this paragraph.

28. Defendant admits that circumstances leading up to the execution of the warrant would not require the use of a SWAT team, and observes that no such SWAT team was used. Defendant denies the remaining allegations of this paragraph.

29. Denied.

30. On information and belief, denied.

31. Defendant lacks sufficient information to admit or deny the allegations of ¶31.

32. Denied.

33. Admitted.

34. Denied.

35. Defendant admits that the criminal charges brought against the Plaintiff were published in at least one area newspaper. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

36. Defendant lacks sufficient information to admit or deny the allegations of ¶36. Further answering, Defendant is unaware of any time the Plaintiff was a volunteer assisting the

Town of Pelham on dog issues.

37. Defendant lacks sufficient information to admit or deny the allegations of ¶37.

38. Defendant admits that Plaintiff's arrest for animal cruelty was published in at least one newspaper in the area and appeared on the internet. Defendant denies that the charges were false. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

39. Defendant lacks sufficient information to admit or deny the allegations of ¶39.

40. Defendant lacks sufficient information to admit or deny the allegations of ¶40.

41. Defendant lacks sufficient information to admit or deny the allegations of ¶41.

42. Defendant lacks sufficient information to admit or deny the allegations of ¶42.

43. This paragraph does not contain any allegations that require a response.

### III. CAUSE OF ACTION

**COUNT ONE – VIOLATION OF CONSTITUTIONAL RIGHTS (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

44. Defendant hereby incorporates the answers set forth in paragraphs 1-43 as if fully set forth herein.

45-56. Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT TWO – VIOLATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. SECTION 1985 (3) CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

57. Defendant hereby incorporates the answers set forth in paragraphs 1-56 as if fully set forth herein.

58-64. Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT THREE – CIVIL CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

64. Defendant hereby incorporates the answers set forth in paragraphs 1-64 as if fully set forth herein.

65-67. Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT FOUR – FALSE IMPRISONMENT (THOMAS GOULDEN, KEENLISIDE, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

69. Defendant hereby incorporates the answers set forth in paragraphs 1-68 as if fully set forth herein.

70. Defendant lacks sufficient information to admit or deny the allegations of ¶70, except that Defendant denies any allegation that he unlawfully restrained, confined, or stopped the Plaintiff at any time.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**COUNT FIVE – ASSAULT AND BATTERY (GOULDEN, KEENLISIDE AND TOWN OF PELHAM)**

75. Defendant hereby incorporates the answers set forth in paragraphs 1-74 as if fully set forth herein.

76. Defendant denies that he had any physical contact with the Plaintiff at any time.

77. Denied.

78. Denied.

79. Denied.

**COUNT SIX – MALICIOUS PROSECUTION (CAPRIGNO AND TOWN OF PELHAM)**

80. Defendant hereby incorporates the answers set forth in paragraphs 1-79 as if fully set forth herein.

81-86. Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT SEVEN – ABUSE OF PROCESS (CAPRIGNO, TOWN OF PELHAM, GOULDEN, KEENLISIDE, JOHN DOES AND JANE DOES)**

87. Defendant hereby incorporates the answers set forth in paragraphs 1-86 as if fully set forth herein.

88. This Defendant did not issue any criminal complaints against the Plaintiff.

89. Denied.

90. Denied.

91. Denied.

**COUNT EIGHT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (GOULDEN, KEENLISIDE, CAPRIGNO, MCCALL, JOHN DOES, JANE DOES AND TOWN OF PELHAM)**

92. Defendant hereby incorporates the answers set forth in paragraphs 1-91 as if fully set forth herein.

93. Denied.

94. Denied.

95. Denied.

**COUNT NINE – DEFAMATION (CAPRIGNO, MCCALL AND STERN)**

96. Defendant hereby incorporates the answers set forth in paragraphs 1-95 as if fully set forth herein.

97-99. Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT TEN – DEFAMATION PER SE (CAPRIGNO, MCCALL AND STERN)**

100. Defendant hereby incorporates the answers set forth in paragraphs 1-99 as if fully set forth herein.

101-104. Defendant does not answer this Count as it is not alleged against this Defendant.

**COUNT ELEVEN– INVASION OF PRIVACY (CAPRIGNO AND TOWN OF PELHAM)**

105. Defendant hereby incorporates the answers set forth in paragraphs 1-104 as if fully set forth herein.

106-112. Defendant does not answer this Count as it is not alleged against this Defendant.

### IV. CONCLUSION

All factual allegations of the conclusion are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim on which relief can be granted, including, but not limited to, Count IV (False Imprisonment) as there are no allegations that the Defendant imprisoned the Plaintiff at any time, Count VII (Abuse of Process) as there is no allegation that the Defendant issued any criminal complaint against the Plaintiff, and Count VIII (Intentional Infliction of Emotional Distress) as the allegations against this Defendant are insufficient to satisfy any showing of extreme and outrageous conduct.

### SECOND AFFIRMATIVE DEFENSE

The Defendant is immune from liability from any federal claims pursuant to the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 475 U.S. 800 (1982).

### THIRD AFFIRMATIVE DEFENSE

The Defendant is immune from liability for state law claims, under the laws of the State of New Hampshire, including but not limited to RSA 507-B, and pursuant to Official Immunity

and Discretionary Function Immunity. *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by RSA 507-B and any damages thereon are limited by that statute.

Defendant reserves the right to supplement this list of Affirmative Defenses as discovery progresses.

    Respectfully submitted,

    **MATTHEW KEENLISIDE**

    By his Attorneys,

    CULLENCOLLIMORE, PLLC

Dated: December 13, 2019    By: /s/ Brian J.S. Cullen
    Brian J. S. Cullen, NH Bar # 11265
    10 East Pearl Street
    Nashua, NH 03060
    (603) 881-5500
    bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: December 13, 2019    /s/ Brian J.S. Cullen
    Brian J.S. Cullen