UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kevin Rocheville | : |
| | : |
| v. | : |
| | : |
| Thomas Goulden, Matthew Keenliside, | :   Civil Action No. 19-CV-01169-PB |
| Brian McCarthy, Joseph O'Roark, | : |
| Michael McCall, Allison Caprigno, | : |
| Jody Harris-Stern, John Does, | : |
| Jane Does, and Town of Pelham, NH | : |
| | : |

## ANSWER OF DEFENDANT TOWN OF PELHAM

### JURY DEMAND

Defendant demands a jury on all claims so triable.

### I.   PARTIES

1. Defendant admits that the Plaintiff resided at 31 Jonathan Road in Pelham at all times relevant hereto.

2. Denied. Further answering, Defendant Goulden resigned as a full time officer on August 30, 2014 and resigned his part time position in May, 2015.

3. Admitted.

4. Denied. Further answering, Defendant McCarthy resigned as a member of the Pelham Police Department effective May 30, 2014.

5. Admitted, except that Defendant's surname is Roark.

6. Admitted.

7. Defendant lacks sufficient information to admit or deny the allegations of ¶7.

8. Defendant lacks sufficient information to admit or deny the allegations of ¶8.

9. Admitted.

10. Denied. Further answering, Defendant McCall is the Assistant Town Administrator for the Town of Chelmsford, Massachusetts.

11. Defendant admits that Jody Harris was at relevant times herein affiliated with Looking Glass Animal Rescue in Connecticut.

## II.   FACTS

12. Defendant hereby incorporates the answers set forth in paragraphs 1-12 as if fully set forth herein.

13. Denied. Further answering, Goulden was employed as a patrol officer for the Pelham Police Department from 2011 until August 30, 2014. Thereafter, he nominally held a position as a part time officer although he did not work regularly for the Town. He resigned his part time position in May, 2015.

14. Defendant admits that Defendant Goulden was the Chief of Police in Brookline and was later hired in Pelham as a patrol officer. Defendant further admits that in 2014 Defendant Goulden left to become Chief of Police in Shirley, Massachusetts. Defendant denies it rehired Officer Goulden thereafter. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

15. Upon information and belief, denied.

16. Defendant admits that at some point in 2014, Plaintiff told Goulden's wife that Goulden was having an affair with Cheryl Bourdeleau. Defendant has no information to suggest that Plaintiff's statement was true.

17. Denied.

18. There having been no campaign of harassment or intimidation the allegations of are denied.


19. Denied.

20. Defendant lacks sufficient information to admit or deny the allegations of ¶20.

21. Denied.

22. Defendant admits that on December 14, 2014 Plaintiff came to the Pelham Police Department to reimburse veterinarian bills incurred caring for dogs that had been in his custody. Defendant denies the remaining allegations of this paragraph.

23. Denied.

24. Denied. Further answering, Defendant admits that in 2014, Plaintiff claimed that he was being improperly stopped. Then Lieutenant McCarthy investigated the incident. Police records indicated that he had been stopped only one time during the period of which he complained and that the video of that incident confirmed that the stop was justified and that the officer acted in an appropriate manner throughout. Defendant McCarthy also investigated Plaintiff's accusation that Goulden was having an intimate relationship with Plaintiff's ex-girlfriend, which Officer Goulden denied.

25. Defendant admits that Plaintiff complained to the Board of Selectmen that he was subjected to harassment and intimidation but denies the remaining allegations of this paragraph.

26. Defendant admits that Officer Caprigno obtained a search warrant for Plaintiff's residence after obtaining enough evidence to establish probable case that Plaintiff was in violation of animal welfare statutes. Defendant denies all further allegations of this paragraph.

27. Defendant admits that the search warrant was executed on October 18, 2016 and that, in accordance therewith, Defendant seized ten adult dogs and eight puppies. Defendant denies all further allegations of this paragraph.

28. Defendant admits that circumstances leading up to the execution of the warrant would not require the use of a SWAT team, and observes that no such SWAT team was used. Defendant denies the remaining allegations of this paragraph.

29. Denied.

30. Denied.

31. Defendant admits that Ms. Stone was never charged with animal cruelty. Defendant otherwise denies the allegations of this paragraph. Further answering, Defendant admits that Ms. Stone informed Officer Caprigno that he had the common application "track my iPhone" and through that had observed that the Plaintiff was travelling to numerous towns in the days preceding the execution of the search warrant.

32. Denied.

33. Admitted.

34. Denied.

35. Defendant admits that the criminal charges brought against the Plaintiff were published in at least one area newspaper. Defendant lack sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

36. Defendant admits that a dog named Onyx was confiscated by the Pelham Police Department pursuant to a warrant. Defendant lacks sufficient information to admit or deny the allegations of this paragraph except that the Defendant can confirm that the Plaintiff was never a volunteer assisting the Town of Pelham on dog issues. Defendant denies all further allegations.

37. Defendant lacks sufficient information to admit or deny the allegations of ¶37.

38. Defendant admits that Plaintiff's arrest for animal cruelty was published in at least one newspaper in the area and appeared on the internet. Defendant denies the remaining

allegations of this paragraph.

39. Defendant admits that on or about May 1, 2017, the criminal complaints were nol prossed by the Pelham Police Prosecutor. Defendant further admits that one dog in the Town's care was injured by another dog also in the Town's care when it pushed through or under a fence between them. Both dogs were originally seized from the Plaintiff, who failed to advise Officer Caprigno that the dog had aggressive behaviors. Defendant denies all further allegations of this paragraph.

40. Denied.

41. Defendant lacks sufficient information to admit or deny the allegations of ¶41.

42. Denied.

43. This paragraph does not contain any allegations that require a response.

### III. CAUSE OF ACTION

**COUNT ONE – VIOLATION OF CONSTITUTIONAL RIGHTS (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

44. Defendant hereby incorporates the answers set forth in paragraphs 1-43 as if fully set forth herein.

45. Denied. Further answering, Thomas Goulden and Brian McCarthy are no longer employed by the Town of Pelham, having resigned in 2014 to pursue other opportunities. Defendant admits that Caprigno and Joseph Roark are police officers employed by the Town of Pelham.

46. This paragraph is a statement of law to which no response is required.

47. Defendant admits that at all times the officers acted under the color of law and in the scope and course of their employment as a police officer for the Town of Pelham.

Case 1:19-cv-01169-AJ   Document 18   Filed 12/13/19   Page 6 of 11


48. Defendant admits that Plaintiff was arrested and charged with ten Class A misdemeanors based on his treatment of animals in his care. Defendant denies all further allegations of this paragraph.

49. Defendant admits Plaintiff hired an attorney but denies all remaining allegations of ¶49.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**COUNT TWO – VIOLATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. Section 1985 (3) CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

57. Defendant hereby incorporates the answers set forth in paragraphs 1-56 as if fully set forth herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant admits that all times the officers acted under the color of law but denies any improper conduct.

64. Denied.

**COUNT THREE – CIVIL CONSPIRACY (THOMAS GOULDEN, BRIAN MCCARTHY, JOSEPH ROARK, ALLISON CAPRIGNO, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

65. Defendant hereby incorporates the answers set forth in paragraphs 1-64 as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

**COUNT FOUR – FALSE IMPRISONMENT (THOMAS GOULDEN, KEENLISIDE, JOHN DOES, JANE DOES AND THE TOWN OF PELHAM)**

69. Defendant hereby incorporates the answers set forth in paragraphs 1-68 as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**COUNT FIVE – ASSAULT AND BATTERY (GOULDEN, KEENLISIDE AND TOWN OF PELHAM)**

75. Defendant hereby incorporates the answers set forth in paragraphs 1-74 as if fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

**COUNT SIX – MALICIOUS PROSECUTION (CAPRIGNO AND TOWN OF PELHAM)**

80. Defendants hereby incorporate the answers set forth in paragraphs 1-79 as if fully set forth herein.

81. Admitted.

82. Denied.

83. Denied.

84. Admitted. Further answering, the nol pross was entered in consideration of the cost of trial and the Plaintiff's prior payment of restitution.

85. Denied.

86. Denied

**COUNT SEVEN – ABUSE OF PROCESS (CAPRIGNO, TOWN OF PELHAM, GOULDEN, KEENLISIDE, JOHN DOES AND JANE DOES)**

87. Defendant hereby incorporates the answers set forth in paragraphs 1-86 as if fully set forth herein.

88. Admitted.

89. Denied.

90. Denied.

91. Denied.

**COUNT EIGHT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (GOULDEN, KEENLISIDE, CAPRIGNO, MCCALL, JOHN DOES, JANE DOES AND TOWN OF PELHAM)**

92. Defendant hereby incorporates the answers set forth in paragraphs 1-91 as if fully set forth herein.

93. Denied.

94. Denied.

95. Denied.

**COUNT NINE – DEFAMATION (CAPRIGNO, MCCALL AND STERN)**

96. Defendant hereby incorporates the answers set forth in paragraphs 1-95 as if fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

**COUNT TEN – DEFAMATION PER SE (CAPRIGNO, MCCALL AND STERN)**

100. Defendant hereby incorporates the answers set forth in paragraphs 1-99 as if fully set forth herein.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

**COUNT ELEVEN– INVASION OF PRIVACY (CAPRIGNO AND TOWN OF PELHAM)**

105. Defendant hereby incorporates the answers set forth in paragraphs 1-104 as if fully set forth herein.

106. Denied.

107. Denied.

108. Denied.

109. Defendant admits that it appeared that the Plaintiff was moving dogs that had been at this home to other locations. Out of concern for the well-being of those dogs, Caprigno was interested in discovering where he had brought them. Defendant denies that Caprigno took any improper action to discover that information.

110. Denied.

111. The assertion that Officer Caprigno instructed Ms. Stone to install tracking device or data is denied.

112. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim on which relief can be granted, including, but not limited to, insufficiently alleging facts to support facts for claims of conspiracy (Counts II and III), *see Iqbal v. Ashcroft,* 556 U.S. 662 (2009) and defamation (Counts IX and X).

### SECOND AFFIRMATIVE DEFENSE

The Defendant Town is immune from liability under 42 U.S.C. § 1983, *etc*. pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1978).

### THIRD AFFIRMATIVE DEFENSE

The Defendant is immune from liability for state law claims under the laws of the State of New Hampshire, including but not limited to RSA 507-B, and pursuant to Official Immunity and Discretionary Function Immunity. *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by RSA 507-B and any damages thereon are limited by that statute.

Defendant reserves the right to supplement this list of Affirmative Defenses as discovery progresses.

Respectfully submitted,

**TOWN OF PELHAM**

By its Attorneys,

CULLENCOLLIMORE, PLLC

Dated:  December 13, 2019          By: /s/ Brian J.S. Cullen
                Brian J. S. Cullen, NH Bar # 11265
                10 East Pearl Street
                Nashua, NH  03060
                (603) 881-5500
                bcullen@cullencollimore.com

**CERTIFICATE OF SERVICE**

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  December 13, 2019          /s/ Brian J.S. Cullen
                Brian J.S. Cullen