UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

_____
                                          :
Kevin Rocheville                          :
                                          :
v.                                        :
                                          :
Thomas Goulden, Matthew Keenliside,       :        Civil Action No. 19-CV-01169-PB
Brian McCarthy, Joseph O'Roark,           :
Michael McCall, Allison Caprigno,         :
Jody Harris-Stern, John Does,             :
Jane Does, and Town of Pelham, NH         :
_____:

### MEMORANDUM OF LAW IN SUPPORT OF MICHAEL MCCALL'S MOTION TO DISMISS

### INTRODUCTION

As set forth in slightly more detail below, Plaintiff broadly asserts that, after he reported that a Pelham police officer was having an affair with Plaintiff's girlfriend, he was subjected to a course of harassment that culminated in his malicious prosecution for violating animal cruelty laws. He has brought a wide range of state and federal claims against a half dozen Pelham officers and employees. Three of those claims – Intentional Infliction of Emotional Distress, Defamation, and "Per Se Defamation" (Counts VIII–X) - are brought against Defendant (and former prosecutor) Michael McCall. McCall, however, is immune from liability on the emotional distress claim, and the Complaint fails to allege defamatory statements by McCall. As such, all claims against him must be dismissed.

### STATEMENT OF FACTS

*Background*

Plaintiff alleges that for the past twenty years he has been actively involved in rescuing dogs, volunteering his services for the Town of Pelham and various dog adoption facilities.

Complaint ¶36.  He claims that in May, 2014, a police officer (Thomas Goulden) began a sexual affair with Plaintiff's girlfriend, Cheryl Bourdeleau (something Goulden denies).  Complaint ¶15 and Goulden Answer [Doc. No. 16].   Plaintiff informed the officer's wife of his suspicion. Complaint ¶16.  Thereafter, according to the Plaintiff, various employees of the Pelham Police Department "engaged in a concerted, deliberate, willful, intentional campaign to punish [Plaintiff] and humiliate him, hold him up to ridicule and to emotionally harm him so to make his life in the Town of Pelham, New Hampshire a 'living hell' and to drive him out of town." Complaint ¶17.

On October 18, 2016, Pelham Officers executed a search warrant at Plaintiff's residence. Complaint ¶¶26-27.  Upon completion of the search, Pelham Animal Control Officer Allison Caprigno seized a number of dogs.  Complaint ¶27.  On October 26, 2016, Caprigno issued ten Class A misdemeanor complaints alleging animal cruelty against the Plaintiff.  Complaint ¶33. McCall was the prosecutor on the case in October and November, 2016.  Complaint ¶ 42. According to the Plaintiff, around that time McCall made the following statements concerning the Plaintiff:

- He was a "fucking loser" and a "piece of shit."

- His attorney was "wasting his time" because Plaintiff "has no money and will never have another dog."

Complaint ¶42.  The charges were ultimately nol prossed on May 1, 2017 by a subsequent prosecutor.  Complaint ¶39.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), this Court may dismiss any counts which fail to state a claim upon which relief may be granted.  Although the Court must accept as true the factual allegations of the Amended Complaint and construe reasonable inferences in favor of the Plaintiff, *Perry v.*

*N.E. Bus. Serv., Inc.*, 347 F.3d. 343, 344 (1st Cir. 2003) (citing *Beddall v. State Street Bank & Trust Co.*, 137 F.3d. 12, 16 (1st Cir. 1988)), that standard does not apply to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  <u>Where it clearly appears that the plaintiff cannot recover on any viable theory, the Court must dismiss the claim.</u>  *Pomerleau v. West Springfield Public School*, 362 F.3d. 143, 145 (1st Cir. 2004) (citing *Correa-Martinez v. Arrillaga-Belendez*, 903 F.3d. 49, 52 (1st Cir. 1990)).

## ARGUMENT

The Plaintiff has asserted three counts against Defendant McCall.  Count VIII asserts a claim for Intentional Infliction of Emotional Distress.  Counts IX and X assert claims of Defamation and "Defamation Per Se," respectively.  Plaintiff, however, cannot recover on any of these claims, both because McCall is a prosecutor and because the statements he is alleged to make are not defamatory as a matter of law.

## I.      AS A PROSECUTOR, MCCALL IS IMMUNE FROM LIABILITY.

Immunity exists "to operate as a bar to a lawsuit, rather than as a defense to liability, and is 'effectively lost if a case is erroneously permitted to go to trial.'"  *Everitt v. General Elec. Co*., 156 N.H. 202, 221 (2007) (discussing official immunity).  It "promotes effective government where officials are freed from the costs of vexatious and often frivolous damages suits." *Knowlton v. Shaw*, 704 F.3d 1, 7 (1st Cir. 2013) (quoting *Westfall v. Erwin*, 484 U.S. 292, 295 (1988), superseded by statute on other grounds, Pub.L. No.100-694, 102 Stat. 4563 (1988), codified at 28 U.S.C. §2679(d)) (quotations omitted).  Questions of immunity are properly decided on a motion to dismiss.  *See, e.g*., *Knowlton*, 704 F.3d at 5 (affirming dismissal on motion to dismiss); *Everitt*, 156 N.H. at 221.

It is well established that prosecutors who are performing "core prosecutorial functions" have absolute immunity from common law and statutory claims. *E.g., Imbuler v. Pachtman*, 424 U.S. 409, 424-27 (1976) (noting common law immunity is well-established and establishing immunity for claims under § 1983). Immunity applies whenever the prosecutor, or person acting in the prosecutor's role, is performing in an advocating role. *Id.* at 430-31; *Knowlton*, 704 F.3d at 5. This advocating role includes filing criminal charges, initial prosecution and presenting the State's case at a preliminary hearing, and advocating for increased bail at bail hearing. *Buckley v. Fitzsimmons* 509 U.S. 259 (1993); *Burns v. Reed* 500 U.S. 478 (1991); *Imbuler*, 424 U.S. at 410; *Knowlton*, 704 F.3d at 5; *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995). Thus, "a prosecutor's decision to initiate or move forward with criminal prosecution" is entitled to absolute immunity. *Knowlton,* 704 F.3d at 6.

This immunity is <u>unqualified</u>:

> qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

*Imbuler*, 424 U.S. at 427-28. Focusing on the fact that in every case where a prosecutor failed to secure a conviction, the threat of civil action would loom over the prosecutor and "the [apprehension] of such consequences would tend toward great uneasiness and toward weakening the fearless and impartial policy which should characterize [the prosecutor's role]," the *Imbuler* Court found that absolute immunity was necessary to ensure proper law enforcement. *Id*. at 424-25 (quoting *Pearson v. Reed*, 44 P.2d 592, 597 (1935)). *See also Knowlton*, 704 F.3d at 5-6 (affirming necessity of absolute immunity to protect judges and prosecutors who are "functioning in their official capacities.")

The Complaint is rather vague on the precise actions McCall is alleged to have taken

other than his allegedly defamatory statements.  It is clear, however, that he is targeted solely based upon his role as a prosecutor.  For example, the statements Plaintiff complains of were made contemporaneously with the filing of criminal charges in October, 2016 and include a statement that Plaintiff's attorney was "wasting his time."   Under these circumstances, Prosecutor McCall is entitled to absolute immunity on the Intentional Infliction of Emotional Distress Claim (Count VIII) as the claim is based solely on his actions as a prosecutor.

The context of the statements attributed to McCall are also unclear, although it could be inferred that they were made in a conversation with Plaintiff's attorney in the context of discussing the case.  As a general rule, "statements made in the course of judicial proceedings are absolutely privileged from civil actions, provided they are pertinent to the subject of the proceeding." *McGranahan v. Dahar,* 119 N.H. 758, 763 (1979).  Thus, it would appear that McCall is immune from liability on the Plaintiff's defamation count.  As discussed below, however, even absent immunity the McCall is entitled to dismissal of the defamation claims as the statements are not actionable.

## II.   EVEN ABSENT IMMUNITY MCCALL IS ENTITLED TO DISMISSAL OF EACH OF THE PLAINTIFF'S CLAIMS.

Even should the Court conclude that Prosecutor McCall was not entitled to prosecutorial immunity, the claims against him would necessarily be dismissed for failure to state claims upon which relief could be granted.

With respect to the Intentional Infliction of Emotional Distress claim, the allegations are insufficient to satisfy the heavy burden of establishing such a claim. A claim of intentional infliction of emotional distress requires that Plaintiff prove: (1) that Defendant acted intentionally or recklessly; (2) that his acts were extreme and outrageous; and (3) that his acts caused the plaintiffs to suffer severe emotional distress. *Morancy v. Morancy*, 134 N.H. 493

(1991); *see also Konefal v. Hollis/Brookline Coop. Sch. Dist.*, 143 N.H. 256, 260 (1998) (citation

omitted) (stating that "[o]ne who by extreme and outrageous conduct intentionally causes severe

emotional distress to another is subject to liability for that emotional distress.").  To meet the

"extreme and outrageous" element of this claim, the Plaintiff must show that Defendants'

"conduct exceeded all possible bounds of decency."  N.H. CIVIL JURY INSTRUCTION 9.8.

> In determining whether conduct is extreme and outrageous, it is not enough that a
> person has "acted with an intent which is tortious or even criminal, or that he has
> intended to inflict emotional distress, or even that his conduct has been
> characterized by 'malice.'" *Restatement (Second) of Torts* § 46 comment *d* at 73
> (1965). Liability has been found only where the conduct has been so outrageous
> in character, and so extreme in degree, as to go beyond all possible bounds of
> decency, and to be regarded as atrocious, and utterly intolerable in a civilized
> community.

*Mikell v. Sch. Admin. Unit No. 33,* 158 N.H. 723, 729 (2009) (some quotations and citations

omitted); *see also Konefal*, 143 N.H. at 261 (noting that "outrageous conduct" contemplates "a

great deal more" than simply "illegal and reprehensible conduct").  Whether conduct rises to the

level of "extreme and outrageous" can be determined by the court as a matter of law.  *See, e.g.,*

*Konefal*, 143 N.H. at 260-61 (upholding trial court's dismissal of intentional infliction of

emotional distress claim for failing to meet "extreme and outrageous" standard).

Here, at most, Plaintiff alleges that McCall made derogatory statements about him,

calling him a "loser" and a "piece of sh-t".  Such allegations fall far short of those necessary to

state a viable claim for infliction of emotional distress.

Plaintiff fares no better on his defamation claims.  Determining whether a statement is an

actionable statement in a defamation claim is a question of law for the trial court to consider in

light of the context of the publication as a whole.  *Nash v. Keene Publishing Corp.*, 127 N.H.

214, 219 (1985).  "A plaintiff proves defamation by showing that the defendant failed to exercise

reasonable care in publishing a false and defamatory statement of fact about the plaintiff to a

third party, assuming no valid privilege applies to the communication." *Thomas v. Telegraph Publishing Co.*, 155 N.H. 314, 321 (2007) (quotations and brackets omitted) (quoting *Pierson v. Hubbard*, 147 N.H. 760, 763 (2002)).  Plaintiff's failing on his defamation claims is to allege any statement by McCall that is actionable:  while the statements attributed to McCall may well be derogatory, they are not assertions of fact on which he can recover.

The New Hampshire Supreme Court recently addressed the distinction between hyperbole and assertions of fact in *Automated Transactions, LLC v. American Bankers Association*, 2018-198 (Aug. 16, 2019).  There, an inventor and collector of patents (and his company) sued defendants for referring to him as a "patent troll."  The Court – reviewing the granting of a motion to dismiss - observed that while statements of fact may be actionable, statements of opinion were not.  To distinguish between the two, the Court looked to whether the statement "is capable of being proven true or false."  Slip. Op. at 5.  "Where an expressive phrase, although pejorative and unflattering, cannot be objectively verified, it belongs squarely in the category of protected opinion."  *Id.* (quoting *Piccone v. Bartels*, 785 F.3d 766, 772 (1st Cir. 2105)).  The Court cited a series of cases finding that expressions that a product was a "rip-off, a fraud [or] a scandal" or a person was "sleazy" were not actionable.  *Id.* (citing *Phantom Touring, Inc. v Affiliated Publications*, 953 F.2d 724, 728 (1st Cir. 1992) and *Catalfo v. Jensen*, 657 F.Supp 463, 468 (D.N.H. 1987)).  Statements of "imaginative expression" or "rhetorical hyperbole" fall within that category of non-actionable statements.  *Id.* at 5-6 (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990)). Applying these principals, the Court concluded that "patent troll" was not actionable.  *Id.* at 9.

The same result is required here.  Calling Plaintiff a "loser" or "piece of shit" is pejorative, but hardly verifiable, and thus are clearly statements of opinion under *Automated*

*Transactions*.  Plaintiff is not, after all, literally a feces, and no one could conclude McCall intended anyone to so believe.  Likewise, read as a whole and in context, the statement that Plaintiff's attorney was "wasting his time" because Plaintiff didn't have money or that he would "never have another dog" are rhetorical, hyperbolic statements that could not be intended to be literally true.  As such, as in *Automated Transactions*, the Court should dismiss the defamation claims.

## CONCLUSION

The courts have time and again affirmed that prosecutors are entitled to immunity for their prosecutorial functions in advocating for the State.  This immunity is necessary to prevent cases precisely like the present one.  In addition, the casual, even if caustic, statements of the Prosecutor are simply not actionable.  Therefore, all claims against this Defendant should be dismissed.

Respectfully submitted,

**MICHAEL MCCALL**

By his Attorneys,

**CULLENCOLLIMORE, PLLC**

Dated:  December 16, 2019          By: /s/ Brian J.S. Cullen
                                        Brian J. S. Cullen, NH Bar # 11265
                                        10 East Pearl Street
                                        Nashua, NH  03060
                                        (603) 881-5500
                                        bcullen@cullencollimore.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.


Dated:  December 16, 2019                         /s/ Brian J.S. Cullen
                                                              Brian J.S. Cullen