UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kevin Rocheville | : |
| v. | : |
| Thomas Goulden, Matthew Keenliside, Brian McCarthy, Joseph Roark, Michael McCall, Allison Caprigno, Jody Harris-Stern, John Does, Jane Does, and Town of Pelham, NH | : Civil Action No. 19-CV-01169-PB |

## DEFENDANTS BRIAN MCCARTHY AND JOSEPH ROARK'S[1] MOTION TO DISMISS

NOW COME Defendants Brian McCarthy and Joseph Roark, through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss the claims asserted against them. In support hereof, Defendants rely upon the accompanying Memorandum of Law and further state as follows:

1. Plaintiff broadly asserts that, after he reported that a Pelham police officer was having an affair with Plaintiff's girlfriend, he was subjected to a course of harassment that culminated in his malicious prosecution for violating animal cruelty laws. Based thereon, he has brought a wide range of state and federal claims against a half dozen Pelham officers and employees, including three counts against these Defendants: Count I – an omnibus claim under 42 U.S.C. § 1983; and Counts II & III – both of which are conspiracy claims.

2. The Complaint, however, fails to include sufficient allegations to support any of these claims against these Defendants.

---

[1] Plaintiff has named Joseph "O'Roark" in the Complaint. Defendant assumes he was the intended party.

1

3. In particular, the Plaintiff mentions McCarthy and McCall in only a single paragraph of his "Statement of Facts," claiming that he reported the alleged harassment to each of the Defendants in their capacity as Chief or Acting Chief of Police, and each either did nothing (McCarthy) or failed to prevent further harassment (Roark).

4. Such allegations are simply insufficient to support the claims he has brought.

5. In particular, the allegations do not support the myriad constitutional claims brought under Count I. For example, Plaintiff fails to allege that he belongs to a protected class or qualifies as a "class of one" for Equal Protection purposes, and fails to demonstrate sufficiently egregious conduct to support a Substantive Due Process claim.

6. In addition, Plaintiff's bald claim that the Defendants "agreed" with others to a course of misconduct is insufficient to support a conspiracy claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

7. As such, Defendants are entitled to dismissal of Counts I-III of the Complaint and, those being the only claims against them, dismissal from this action.

WHEREFORE, Defendants respectfully request that this Court:

A. Grant the instant motion and dismiss all claims against these Defendants; and

B. Grant such further relief as justice requires.

Respectfully submitted,

**BRIAN MCCARTHY and**

**JOSEPH ROARK**

By their attorneys,

CULLENCOLLIMORE, PLLC

Dated:  December 16, 2019          By: /s/ Brian J.S. Cullen
                                       Brian J. S. Cullen, NH Bar # 11265
                                       10 East Pearl Street
                                       Nashua, NH  03060
                                       (603) 881-5500
                                       bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  December 16, 2019          /s/ Brian J.S. Cullen
                                    Brian J.S. Cullen