UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

_____
                                        :
Kevin Rocheville                        :
                                        :
v.                                      :
                                        :
Thomas Goulden, Matthew Keenliside,     :        Civil Action No. 19-CV-01169-PB
Brian McCarthy, Joseph Roark,           :
Michael McCall, Allison Caprigno,       :
Jody Harris-Stern, John Does,           :
Jane Does, and Town of Pelham, NH       :
_____      :

**DEFENDANTS BRIAN MCCARTHY & JOSEPH ROARK'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

As set forth in more detail below, Plaintiff broadly asserts that, after he reported that a Pelham police officer was having an affair with Plaintiff's girlfriend, he was subjected to a course of harassment that included unfounded motor vehicle stops and culminated in his malicious prosecution for animal cruelty. His allegations concerning Defendants McCarthy and Roark, however, are just two: (1) that Plaintiff at some unspecified time he told them he was being harassed by officers and the harassment nevertheless continued; and (2) that they and others "agreed" to commit misconduct. Such limited and bald assertions are insufficient to support any of the three claims he asserted against these Defendants. As such, the claims must be dismissed.

1

## STATEMENT OF FACTS[1]

Plaintiff alleges that in May of 2014 (or earlier) Pelham Officer Thomas Goulden was having an affair with Plaintiff's girlfriend. Complaint ¶15. According to the Plaintiff, he informed Goulden's wife about this affair. Complaint ¶16. Plaintiff says shortly thereafter, Goulden, Sgt. Keenliside, and Animal Control Officer Caprigno "engaged in a concerted, deliberate, willful, intentional campaign to punish [Plaintiff] and humiliate him, hold him up to ridicule and to emotionally harm him so to make his life in the Town of Pelham, New Hampshire a 'living hell' and to drive him out of town." Complaint ¶17. He indicates that such harassment stopped when Goulden left the Department. Complaint ¶18.[2]

Plaintiff asserts that over two years later, between October 4, 2016 and May 1, 2017, he was stopped by unknown Pelham police officers with the purpose of harassing or intimidating him. Complaint ¶21. Around this time, he was also the subject of a search of his home and resulting prosecution for animal cruelty. Complaint ¶¶27-33. The charges were dropped on May 1, 2017. Complaint ¶39.

According to the Plaintiff, at some undisclosed time, he told McCarthy (in his capacity as acting Chief of Police) about the harassment. Complaint ¶24. Plaintiff asserts that although McCarthy said he would "look into it," he never did so. *Id*. Similarly, Plaintiff asserts that when Defendant Roark was Chief of Police - Plaintiff "advised him of the harassment, yet the campaign of intimidation and harassment continued." *Id*. Plaintiff does not have a single additional allegation concerning Defendants in factual allegations, although in Counts II and III

---

[1]     Defendants of course must accept the allegations for purposes of this motion. Were the case to move forward, Defendants would refute Plaintiff's rendition of events.

[2]     Although not necessary to resolve this Motion, the Court can likely take judicial notice that Goulden left Pelham to become Chief of Police in Shirley, Massachusetts in July, 2014, a position he held until July, 2017, facts readily available in the public record. *See* Fed. R. Evid. 201.

he baldly asserts that McCarthy, Roark, Caprigno and Goulden "agree[d] to engage in misconduct" or a "course of conduct" to harass him.  Complaint ¶¶58, 66.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), this Court may dismiss any counts which fail to state a claim upon which relief may be granted.  Although the Court must accept as true the factual allegations of the Amended Complaint and construe reasonable inferences in favor of the Plaintiff, *Perry v. N.E. Bus. Serv., Inc.*, 347 F.3d. 343, 344 (1st Cir. 2003) (citing *Beddall v. State Street Bank & Trust Co.*, 137 F.3d. 12, 16 (1st Cir. 1988)), that standard does not apply to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In particular, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 566 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, a plaintiff must assert some specific facts by which a court could draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 555).  Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," this standard is not satisfied. *Id*. at 679; *see also Twombly*, 550 U.S. at 555.

## ARGUMENT

The crux of Plaintiff's Complaint is that he was subjected to harassment and intimidation, culminating in a malicious prosecution, because he informed an officer's wife that the officer was having an affair with Plaintiff's girlfriend.[3]  From such allegations he has crafted an eleven count complaint against eight different defendants (plus John and Jane Does), including three counts (Counts I-III, as it happens) against Defendants McCarthy and Roark.  His sole allegation

---

[3]     The officer denies any such affair.  *See* Answer [Doc No. 16].

with respect to these defendants, however, is that Plaintiff informed them of the alleged harassment and the harassment continued anyway, suggesting - at most generous - that as Chief of Police they either failed to investigate Plaintiff's complaint of harassment or investigated the complaint but did not take sufficient steps to prevent the harassment.  Such allegations are insufficient to recover under any of the claims against Defendants.   As such, the claims against them must be dismissed.

I.    **PLAINTIFF'S SINGLE ALLEGATION AGAINST MCCARTY AND ROARK FAILS TO SUPPORT ANY OF HIS ASSERTED CONSTITUTIONAL VIOLATIONS.**

By Count I of the Complaint, Plaintiff asserts that the Defendants (among others) violated four distinct rights protected under federal law: (a) due process; (b) equal protection; (c) "the right of free movement," and (d) his right to privacy.  Complaint ¶53.  Whatever the merit of his claims vis-à-vis other defendants (and Defendants do not believe there is any such merit), the claim fails as to Defendants McCarthy and Roark as a matter of law.

**A.  Plaintiff Has Not Asserted Facts To Support a Due Process Claim.**

"[T]he first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'"  *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  Here, it is not clear whether Plaintiff's claim is one of procedural or substantive due process.  Plaintiff, however, cannot succeed under either aspect of due process.

At the outset, even looking at Plaintiff's claim as a whole the allegations do not support a due process claim against <u>any</u> Defendant.  "To establish a procedural due process violation, a plaintiff must show that (1) [he] was deprived of a protected property interest, and (2) the procedures attendant to that deprivation were constitutionally inadequate."  *Rocket Learning, Inc. v. Rivera-Sánchez*, 715 F.3d 1, 11 (1st Cir. 2013).  As Plaintiff concedes in his Complaint, after his arrest his case was brought before a judge.  *See* Complaint ¶38 (alleging that judge expressed

skepticism over charges).   He was represented by counsel, who apparently was sufficiently effective to secure him a nol pros of the charges.   *See* Complaint ¶¶39, 49.   Under such circumstances, no procedural due process claim lies as to the Defendants as a whole.

Plaintiff's pursuit of a substantive due process claim would fare no better.   State actors violate an individual's substantive due process rights if they engage in conduct that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1988).   "In order to shock the conscience, the conduct must be 'truly outrageous, uncivilized and intolerable.'" *McConkie v. Nichols*, 446 F.3d 258, 260 (1st Cir. 2006) (quoting *Hasenfus v. LaJeunesse*, 175 F.3d 68, 72 (1st Cir. 1999)).   Merely causing harm is insufficient: the conduct must be "stunning." *Id.* at 261 (quoting *DePautot v. Raffaelly*, 424 F.3d 112, 119 (1st Cir. 2005)).   Usually such conduct involves physical or psychological abuse.   *Id.*   In contrast, even behavior that is clearly unreasonable – but doesn't involve physical abuse - has been determined not to violate substantive due process.   *See, e.g. Cruz-Erazo v. Rivera-Motanez*, 212 F.3d 617 (1st Cir. 2000) (no substantive due process violation where defendant police officers allegedly threatened plaintiff repeatedly, arrested her on false charges, testified falsely against her and took over plaintiff's home and lived there for several months while their colleagues refused to press charges against them); *Souza v. Pina*, 53 F.3d 423 (1st Cir. 1995) (no substantive due process violation where officers encouraged the media to link the suspect to several murders, precipitating his suicide); *Pittsley v. Warish*, 927 F.2d (1st Cir. 1991) (no substantive due process violation where officers allegedly threatened to kill the plaintiff on more than one occasion). The allegations set forth in this case simply don't meet that standard.

This Court's decision in *Kiernan v. Hudson*, 2015 DNH 218, is instructive. There – similarly to here – the plaintiff alleged that an officer fabricated charges against him in pursuit of

a personal vendetta, resulting in plaintiff's claimed false arrest and prosecution.  Thoroughly reviewing existing precedent, Judge DeClerico dismissed the claim finding the allegations insufficient to support such an action.  *Id.* at 10.  *See also Freeman v. Town of Hudson*, 714 F.3d 29, 41 (1st Cir. 2013) ("garden-variety claim of malicious prosecution" insufficient to state claim of substantial due process) (quoting *Roche v. John Hancock Mut. Life Ins. Co*, 81 F.3d 249, 256 (1st Cir. 1996)).

Plaintiff's due process claim against these Defendants individually is weaker still.  An alleged failure to investigate a complaint of harassment or take sufficient steps to prevent such harassment, however, does not implicate either procedural or substantive due process.  *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (affirming summary judgment on due process claims arising from failure to investigate claims of excessive force as plaintiff had neither had substantive right to investigation of complaint nor a protected property or liberty interest).  Having failed to allege facts sufficient to support either a global due process claim or one specific to McCarthy or Roark, this claim must be dismissed.

**B.  Plaintiff Has Not Asserted Facts To Support an Equal Protection Claim.**

Equal protection claims have "typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.'"  *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601 (2008) (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)).  Plaintiff has not asserted (nor could he) that he belongs to a protected class.  As such, Plaintiff could only recover on an Equal Protection claim if he established a "class of one" claim.  To do so, Plaintiff must prove that defendant treated him differently than other similarly situated persons with no rational basis for such treatment, and that the disparate treatment "was motivated by bad faith, malicious intent to injure."  *Najas Realty LLC v. Seekonk Water Dist.,*

821 F.3d 134, 144 (1st. Cir. 2006) (quoting *Snyder v. Gaudet,* 756 F.3d 30, 34 (1st Cir. 2014)). Plaintiff has made no allegations to support such a finding in this case.

As to the Defendants in particular, Plaintiff has not identified any similarly situated individuals or even suggested that there are any, nor that McCarthy or Roark's individual acts or omissions were based on improper motive. Barring such allegations, Plaintiff's equal protection claim fails.

### C. Plaintiff Has Not Asserted Facts To Support a Fourth Amendment Claim Against McCarthy or Roark.

Plaintiff's claim that the various Defendants violated his "right to movement" appears to be grounded in the Fourth Amendment. He has asserted that unknown officers stopped him without lawful basis on several occasions and that he was prevented from leaving the police station. Complaint ¶50. Such allegations could support Fourth Amendment claims against the parties who committed such acts. As to moving Defendants, however, there are no allegations that they conducted any such motor vehicle stop or that they prevented Plaintiff from leaving the station. Thus, there are no allegations that support a Fourth Amendment claim against them.

Moreover, as this Court well knows, neither McCarthy or Roark cannot be sued under 42 U.S.C. §1983 merely for their position as supervisor. "It is by now axiomatic that the doctrine of *respondeat superior* does not apply to claims under section 1983." *Gaudreault v Salem, Mass.*, 923 F.2d 203, 209 (1st Cir. 1990) (citing *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir. 1985)). A municipality or its supervisory personnel can be held liable for the constitutional misconduct of its employees only on the basis of an "affirmative link" between their acts and those of the offending employee. *Id*. Supervisors can be held liable only on the basis of their own acts or omissions, amounting at the least to "reckless" or "callous" indifference to the constitutional rights of others. *Id.*

As Plaintiff does not allege that McCarthy or Roark personally detained him at any time, and does not adequately plead any affirmative link between their actions and those of the unnamed officers referenced in the Complaint, Plaintiff cannot pursue a Fourth Amendment claim against them.

### D. Plaintiff Has Not Asserted Facts To Support an Invasion of Privacy Claim Against these Defendants.

Plaintiff's final federal claim within Count I of the Complaint is one for Invasion of Privacy.  As best Defendants can tell, this claim may arise from claims that the details of his arrest and the underlying actions that led to them were published in various newspapers.  *See* Complaint ¶51.  Plaintiff does not deny that he was arrested and charged with animal cruelty, nor does he contend that the Town is not permitted to publish details of arrests it makes.  More importantly, Plaintiff makes no allegation that <u>McCarthy</u> or <u>Roark</u> directed such publications or was personally involved therein. Absent some allegation that they personally invaded Plaintiff's privacy, the claim must be dismissed.

## II.   PLAINTIFF'S CONSPIRACY CLAIMS FAIL TO MEET THE PLEADING STANDARD SET BY *IQBAL V ASHCROFT*.

Plaintiff brings two conspiracy counts – a federal claim pursuant to 42 U.S.C. § 1985 and what appears to a state conspiracy count.  Neither survives scrutiny, particularly (although by no means solely) as to Defendants McCarthy or Roark.

A conspiracy claim requires evidence that "a combination of two or more persons by concerted action [agreed] to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means."  *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 47 (1987).  As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 566 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, a plaintiff must assert some specific facts by which a court

could draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). This requirement is particularly true with respect to conspiracy claims. *See, e.g., Puiia v. Cross*, 2012 DNH 135 at 9 (conclusory allegations that "defendants engaged in 'concerted actions' to deprive him of his due process rights" insufficient to plausibly suggest that a conspiracy existed); *Artus v. Town of Atkinson*, 2009 DNH 154 at 18 (dismissing claims where plaintiff did not cite evidence of any prior agreement between parties and alleged actions "were not so concerted as to imply a previous agreement").

Here, Plaintiff alleges that McCarthy and Roark failed to stop harassment by other officers despite his complaint and "agreed" to a course of misconduct. There are no allegations demonstrating any actual agreement. Indeed, Plaintiff does not even set out a timeline connecting his complaints to the allegations of harassment. Given the paucity of allegations suggesting that McCarthy or Roark were actually involved in a conspiracy to violate Plaintiff's rights, rather than simply failing to prevent such actions, Plaintiff's conspiracy claims fail.

## **CONCLUSION**

For all the reasons stated above, Defendants are entitled to dismissal of Counts I-III of the Complaint and, those being the only claims against them, dismissal from this action.

Respectfully submitted,

**BRIAN MCCARTHY and**

**JOSEPH ROARK**

By their attorneys,

CULLENCOLLIMORE, PLLC


Dated:  December 16, 2019       By: /s/ Brian J.S. Cullen
                                       Brian J. S. Cullen, NH Bar # 11265
                                       10 East Pearl Street
                                       Nashua, NH  03060
                                       (603) 881-5500
                                       bcullen@cullencollimore.com


## CERTIFICATE OF SERVICE

       I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.


Dated:  December 16, 2019                   /s/ Brian J.S. Cullen
                                                 Brian J.S. Cullen