UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

_____
                                                :
Kevin Rocheville                                :
                                                :
v.                                              :
                                                :
Thomas Goulden, Matthew Keenliside,             :          Civil Action No. 19-CV-01169-PB
Brian McCarthy, Joseph O'Roark,                 :
Michael McCall, Allison Caprigno,               :
Jody Harris-Stern, John Does,                   :
Jane Does, and Town of Pelham, NH               :
_____:

## PARTIES' PROPOSED DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:**

January 2020, by electronic mail and telephone conference.

**COUNSEL PRESENT/REPRESENTING:**

**For Plaintiff:**

William Avilikles, Esq.
Law Office of William Aivalikles, P.A.
253 Main Street
Nashua, NH  03060
603.880.0303 phone
William@nhtriallaw.com

**For Defendants**

Brian J.S. Cullen, Esq.
CullenCollimore PLLC
10 East Pearl Street
Nashua, NH  03060
603-881-5500
bcullen@cullencolimore.com

## CASE SUMMARY

**THEORY OF LIABILITY:**

Plaintiff asserts that Defendants wrongfully arrested and prosecuted him in furtherance of a conspiracy to retaliate against him for remarks he made concerning an alleged affair by one of the Defendants.  He brings claims for violation of his Fourth, Fifth and Fourteenth Amendment Rights as well as violation of his Equal Protection rights, plus various state law claims including False Imprisonment, Assault and Battery, Malicious Prosecution, Abuse of Process, Infliction of Emotional Distress and Defamation.

**THEORY OF DEFENSE:**

Defendants deny the core allegations of the Complaint, including but not limited to the allegation that they entered into any conspiracy to harass or retaliate against Plaintiff, and assert defenses of qualified, official and statutory immunity.

**DAMAGES:**

Plaintiff is seeking compensatory and punitive damages, attorneys' fees, litigation expenses, costs, and pre- and post-judgment interest as provided by law.

Defendants deny that Plaintiff was damaged as alleged and deny they owe Plaintiff any amount.

**DEMAND**:

No later than June 1, 2020**.**

**OFFER**:

No later than July 1, 2020**.**

**JURISDICTIONAL QUESTIONS**:

None at this time.  The parties reserve the right to raise jurisdictional questions as they arise.

**QUESTIONS OF LAW**:

Whether Defendants had probable cause to arrest the Plaintiff.

Whether Defendants are immune from liability under RSA 507-B or the doctrines of Official or Qualified Immunity.

Whether the Complaint states a claim for defamation against any Defendant.

The parties reserve the right to raise additional questions of law as they arise.

**TYPE OF TRIAL**:

The parties have requested a jury trial.

## SCHEDULE

**TRACK ASSIGNMENT**:

Standard Track – 12 months.

**TRIAL DATE:**

Two-week period beginning <u>March 16, 2021</u>.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

February 14, 2020

**AMENDMENT OF PLEADINGS:**

April 24, 2020

**JOINDER OF ADDITIONAL PARTIES:**

April 24, 2020

**THIRD PARTY ACTIONS:**

May 8, 2020

**MOTIONS TO DISMISS:**

May 8, 2020

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff:        September 1, 2020

Defendant:        October 16, 2020

Supplementations under Rule 26(e) due:        November 6, 2020

**COMPLETION OF DISCOVERY:**

Fact Discovery: January 15, 2020

Expert Discovery: January 15, 2021

**MOTIONS FOR SUMMARY JUDGMENT:**

 November 18, 2020

**CHALLENGES TO EXPERT TESTIMONY:** *(no later than 45 days prior to trial date)*

 January 31, 2020

**DISCOVERY**

**DISCOVERY NEEDED:**

 Standard:   Paper discovery, including interrogatories and requests for production, depositions of plaintiff, defendant and witnesses.

**MANDATORY DISCLOSURES (Fed. R. Civ.P. 26(a)(1)):**

 Plaintiff – February 21, 2020

 Defendants – February 28, 2020

**INTERROGATORIES:**

 A maximum of 25 interrogatories by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

 A maximum of 25 requests for admission by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

 A maximum of ten (10) depositions by plaintiff and ten (10) by defendants, collectively.

Each deposition limited to a maximum of seven hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ, P, 26(f)):**

 To the extent requested and not unduly burdensome, counsel shall provide electronic copies (thumb drive, CD, or DVD) of any discoverable information which is stored electronically.  This shall include all electronically stored information ("ESI") on computers or back-up archival systems, "smart phones", personal digital assistants (PDA), cellular telephones, or, any other devices on which discoverable ESI is stored or maintained by the parties including, but not limited to, the contents of all electronic mail boxes (inbox, sent, deleted folders) electronic calendars, contents of the recycle bin, contents of temporary internet files folder, image files (such as jpg files), all drafts, revisions of such documents, attached "post-it" notes or other supplemental material, graphic images, photographic images, discs, video recordings, tapes

and/or any other written materials.  Also all discoverable digital information posted or received by any party by means of any social media, including, but not limited to Facebook, Myspace, Twitter or any electronic "bulletin boards" or weblogs.

Plaintiff and counsel for Defendants will comply with Fed. R. Civ. P. 26(b)(5)(B) and N.H. R. Prof. Conduct 4.4(b) should privileged materials be inadvertently disclosed, the recipient shall sequester the materials and attempt to informally resolve the issue with the disclosing counsel, failing which the recipient shall file a motion with the Court to seek judicial resolution of the issue.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties do not believe that there will be issues of privilege or protection of trial preparation materials.  In the event such issues arise, the parties will bring them to the Court's attention.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

Unlikely prior to resolution of dispositive motions.

**JOINT STATEMENT RE MEDIATION:**

The parties will notify the court by October 16, 2020 if they seek assistance with mediation.

**TRIAL ESTIMATE:**

Three (3) days

**WITNESSES AND EXHIBITS:**

All witnesses and exhibits will be disclosed and exchanged between the parties in accordance with Local and Federal Rules of Civil Procedure.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties do not require a pretrial conference but will attend such should the Court believe it would be helpful to the Court or parties.

**OTHER MATTERS:**

None known at this time.  The parties reserve the right to submit issues for the Court's consideration under Fed. R. Civ. P. 26(c) or 16(b) and (c) if and when they arise.

Respectfully submitted,

**KEVIN ROCHEVILLE**

By his Attorneys,

Dated: January 24, 2020                    By: /s/ William Aivalikles
                                           William Aivalikles, Esquire (Bar #308)
                                           253 Main Street
                                           Nashua, NH  03060
                                           Tel:  (603) 880-0303
                                           william@nhtriallaw.com

**TOWN OF PELHAM, et. al.**

By Their Attorneys,

Dated:  January 24, 2020                   By: /s/ Brian J.S. Cullen
                                           Brian J.S. Cullen, Esquire (Bar #11265)
                                           CullenCollimore, PLLC
                                           10 East Pearl Street
                                           Nashua, NH  03060
                                           603-881-5500
                                           bcullen@cullencolimore.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served this date via the Electronic Case Filing (ECF) system upon all parties and counsel of record.

Dated: January 24, 2020                    By /s/ Brian J.S. Cullen
                                           Brian J.S. Cullen, Esq. (#11265)