UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KEVIN ROCHEVILLE )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THOMAS GOULDEN, MATTHEW )<br>KEENLISIDE, BRIAN MCCARTHY, )<br>JOSEPH O'ROARK, MICHAEL )<br>MCCALL, ALLISON CAPRIGNO, )<br>JODY HARRIS-STERN, JOHN DOES, )<br>JANE DOES, AND )<br>TOWN OF PELHAM, NH, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 1:19-CV-01169-AJ |

## **MEMORANDUM IN SUPPORT OF DEFENDANT JODY HARRIS-STERN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(5) AND 4(M)**

Defendant, Jody Harris-Stern, by and through her attorneys, Law Offices of John B. Schulte, submit this Memorandum in support of her Motion to Dismiss for Insufficient Service of Process under Fed. R. Civ. P. 12(b)(5) and 4(m).

### BACKGROUND

On October 2, 2019, Plaintiff Kevin Rocheville commenced a state court action entitled *Kevin Rocheville v. Thomas Goulden, et al*, in Hillsborough County Superior Court, Southern District, Docket No. 226-2019-CV-00693. Plaintiff then attempted to effectuate service on Ms. Harris-Stern, a resident of the State of Connecticut, by serving a Summons and a copy of the Complaint at the office of William M. Gardner, Secretary of State of New Hampshire, pursuant to N.H. Rev. Stat. Ann. § 510:4. See ECF Doc. 14. On or about November 11, 2019, the action was later removed to the United States District Court for the District of New Hampshire by the Defendants Thomas

1

Goulden, Matthew Keenliside, Brian McCarthy, Joseph O'Roark, Michael McCall, Allison Caprigno, and Town of Pelham. See ECF Doc. 1.

## ARGUMENT

### I. LEGAL STANDARD

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); accord, e.g., Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594-95 (1st Cir. 1982). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons . . ." Murphy Bros., 526 U.S. at 345. Mere notice of the suit does not equate to the defendant waiving her right to be served with a summons and copy of the Complaint: "[A]ctual notice itself, without more, is insufficient to satisfy the requirements of Fed. R. Civ. P. 4(d)(1)." Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992).

Fed. R. Civ. P. 12(b)(5) governs motions to dismiss for insufficient service of process. Plaintiff bears the burden of proving he has effected proper service. See Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)), see also Rivera--Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992). "To do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [which governs summonses] and any other applicable provision of law." Light, 816 F.2d at 751. "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." Candido v. District of Columbia, 242 F.R.D. 151, 160 (D.D.C. 2007). Failure to effect proper service is thus a "fatal" jurisdictional defect and is

grounds for dismissal. See Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc., 550 F.Supp.2d 23, 26 (D.D.C. 2008).

Where, as here, a defendant is an individual within a judicial District of the United States, Fed. R. Civ. P. 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[1] When a defendant does not reside within the state, New Hampshire law requires service on that nonresident defendant by leaving the Summons and copy of the Complaint with New Hampshire's Secretary of State. See N.H. Rev. Stat. Ann. § 510:4. However, in order for such service to be deemed complete, notice and a copy of the service of process must also be:

> forthwith sent by registered mail, postage prepaid, by the plaintiff or his attorney to the defendant at his last known abode or place of business in the state or country in which the defendant resides. The defendant's return receipt and an affidavit of the plaintiff or his attorney of compliance with the section shall be appended to the process and entered therewith.

Id.; see also Velcro Group Corp. v. Billarant, 692 F. Supp. 1443, 1452 (D.N.H. 1988)(Finding that service of process on defendants who were subject to jurisdiction under New Hampshire long-arm statute, by personal service on New Hampshire's Secretary of State **and** by registered mail, was sufficient).

New Hampshire requires "strict compliance with statutory requirements for service of process." Impact Food Sales, Inc. v. Evans, 160 N.H. 386, 391, 999 A.2d 198, 201 (2010) (internal citations and quotations omitted). "Where a statute points out a particular method of serving process … such method must be followed...." Id. In Impact Food, the Court held that the plaintiff's second attempt to serve a non-resident defendant by **first class mail and not certified mail**, which included a copy of the summons and notified defendant that the Secretary of State had been served

---

[1] Fed. R. Civ. P. 4(e)(2) also permits service by delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

3

as defendant's registered agent, was invalid without a court order because it did not comport to the statutory requirements for service of process. Id. at 393-94, 999 A.2d at 203-04. The court further held that the plaintiff's first attempt to serve a non-resident defendant was invalid because service on the secretary of state had not occurred prior to the plaintiff's first certified mailing to the defendant. Id. at 396, 999 A.2d at 205-06. New Hampshire law is clear that in order to properly serve a non-resident defendant, the plaintiff must: (1) leave a copy of the summons and complaint with the secretary of state, (2) send notice and a copy of that process by registered mail, postage prepaid to the defendant's last known abode or place of business in the state in which the defendant resides; and (3) file the defendant's return receipt and affidavit of compliance with the Court. Failure to complete all three steps renders service improper and insufficient. See N.H. Rev. Stat. Ann. § 510:4, Impact Food Sales, 160 N.H. at 393-96., 999 A.2d at 203-06.

Further, Fed. R. Civ. P. 4(m) provides that if a defendant has not been served within 90 days after the filing of the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). See United States ex rel. Cody v. Computer Scis. Corp., 246 F.R.D. 22, 25 (D.D.C. 2007) ("The Court may dismiss a complaint for ineffective service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) if the plaintiff fails to establish that he or she has properly effectuated service in accordance with Federal Rule of Civil Procedure 4." (citing Light, 816 F.2d at 751.).

## II. THE COMPLAINT MUST BE DISMISSED BECAUSE OF INSUFFICIENCY OF SERVICE OF PROCESS

As the Court is aware, Plaintiff filed his action in state court on October 2, 2019, which was later removed to this Court on November 11, 2019. See ECF Doc. 14. Per the Summons issued by the state court, Plaintiff had until December 13, 2019 to complete service on Defendant Harris-Stern. See id. To date, Plaintiff has failed to complete service upon Defendant Harris-Stern

4

pursuant to any of the applicable Court Rules. Though Plaintiff served the Summons and a copy of the Complaint on the office of New Hampshire's Secretary of State on October 17, 2019, he failed to complete the remaining two steps as required by New Hampshire law.  Specifically, Plaintiff has not sent "notice thereof and a copy of the process" by registered mail, postage prepaid, to Defendant Harris-Stern at her last known abode or place of business. See N.H. Rev. Stat. Ann. § 510:4. Likewise, Defendant Harris-Stern's "return receipt and an affidavit of the plaintiff or his attorney of compliance with [RSA 510:4, II]" has not been filed with the trial court. See id. Thus, Defendant Harris-Stern has not been served with the parameters of Fed. R. Civ. P. 12(b)(5) and dismissal is therefore appropriate. See Dispensa v. Nat'l Conference of Catholic Bishops, Civil No. 19-cv-556-LM, 2020 WL 2573013, at *3-4 (D.N.H. May 21, 2020) (granting a defendant's motion to dismiss for insufficient service of process); see also Impact Food Sales, 160 N.H. at 393-96., 999 A.2d at 201. "Service is effected only if the provisions of the applicable statute are complied with literally." Impact Food Sales, Inc. v. Evans, 160 N.H. 386, 395, 999 A.2d 198, 204 (2010). Here, Plaintiff has not complied with the provisions of the applicable statute and therefore his Complaint must be dismissed.

      Additionally, more than 90 days have now passed since Plaintiff file his Complaint and since this action was removed to this Court, and as set forth above, he has not completed service upon Defendant Harris-Stern.  For this reason alone, Plaintiff's claim against Defendant Harris-Stern should now be dismissed pursuant to Fed. R. Civ. P. 4(m). See, e.g., Pandey v. Freedman, No. 95-1038, 1995 WL 568490, at *4 (1st Cir. Sept. 26, 1995)(affirming the denial of a motion for default judgement when there was no proper service of the defendant under Fed. R. Civ. P. (4)(2) when a party to the action served the summons upon the defendant).

## CONCLUSION

Based on the foregoing, in accordance with Fed. R. Civ. P. 12(b)(5) and Rule 4(e), Defendant Judy Harris-Stern asserts this Court must dismiss Plaintiff's Complaint.

Respectfully Submitted,

**JODY HARRIS-STERN**
By her Attorneys,
LAW OFFICES OF JOHN B. SCHULTE

Date:   January 27, 2021                /s/James E. Lonano
James E. Lonano, Esq. / NH Bar #265899
2 Bedford Farms Drive, Suite 202
Bedford, New Hampshire 03110
Tel.: 603-623-8413
Email: James.Lonano@libertymutual.com

## CERTIFICATE OF SERVICE

I, James E. Lonano, Esq., I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 27, 2021.

                /s/James E. Lonano
James E. Lonano, Esq. / NH Bar #265899