UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kevin Rocheville | :<br>:<br>: |
| v. | :<br>: |
| Thomas Goulden,<br>Matthew Keenliside,<br>Allison Caprigno, and<br>Town of Pelham, NH | :<br>:   Civil Action No. 19-CV-01169-AJ<br>:<br>:<br>: |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Although the initial burden on a motion for summary judgment is upon the moving party to establish the lack of a genuine, material, factual issue, *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir. 1986), if a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists. *Donovan v. Agnew*, 712 F.2d 1509, 1516 (1st Cir. 1983). "[C]onclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's burden." *Sánchez-Rodríguez v. AT&T Mobility Puerto Rico, Inc.*, 673 F.3d 1, 9 (1st Cir. 2012) (quoting *DePoutot v. Raffaelly*, 424 F.3d 112, 117 (1st Cir. 2005) and *Soto-Ocasio v. Fed. Ex. Corp.*, 150 F.3d 14, 18 (1st Cir. 1998) (internal quotation marks omitted)). Instead, the nonmoving party must provide specific, <u>admissible</u> evidence:

> **An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.**

Fed. R. Civ. P. 56(c)(4). Moreover, a party cannot create an issue of material fact by presenting

testimony that directly conflicts his or her deposition testimony.  *See Colantuoni v. Alfred Calcagni & Sons, Inc*., 44 F.3d 1, 4-5 (1st Cir. 1994) (party cannot "create a conflict and resist summary judgment with an affidavit that is clearly contradictory" to prior deposition testimony).

Here, to be fair, Plaintiff has not so much contradicted his deposition testimony as much as simply ignored it, providing the Court an affidavit chock full of statements for which he provides no foundation and as to which he conceded in his deposition he has no personal knowledge.[1]  Yet other times he relies on statements that are clearly inadmissible hearsay.  *See, e.g.,* Plaintiff's Affidavit ¶17 (recounting alleged statements from Board Chair and two non-Defendant officers in a single paragraph).  Many of the statements are not only hearsay but lack any relevancy to the case.  *See, e.g*., Pl. Aff. ¶21 (stating that neighbor observed police entering his home with military grade rifles).  On the whole, Plaintiff treats the motion as if it were a Motion to Dismiss under Rule 12, where he could simply point to the unadorned allegations of the Complaint to survive the Motion.[2]

The limited relevant, admissible evidence actually offered by Plaintiff simply does not create an issue of material fact.  Although motions to strike are no longer required to preserve objections to inadmissible facts, Defendants ask the Court to carefully scrutinize the supporting affidavits and exhibits for relevance, foundation and admissibility.  Defendants are confident that once the improper statements and exhibits are excised, the Court will agree that there are no genuine issues of fact material to the issues presented in the Motion for Summary Judgment, and

---

[1]   The most glaring example of this is his declaration that one Defendant had an affair with his girlfriend in 2014.  In his deposition, however, Plaintiff conceded that he had no direct knowledge of the alleged affair, relying on statements and or observation of third parties who claimed to have seen them talking around town while Goulden was on duty.  *See* Plaintiff's Deposition, additional excerpts of which are attached hereto as Exhibit F, at 16-18.

[2]   Indeed, at times he has done precisely that, merely copying the allegations of the Complaint into his Affidavit without supplying any foundation.  *Compare* Pl. Aff. ¶¶6-8 *with* Complaint ¶¶ 14-16.

that Plaintiff's legal arguments do not undercut those presented in the Motion.

**I.   PLAINTIFF'S AFFIDAVIT AND EXHIBITS DO NOT CREATE A GENUINE ISSUE OF MATERIAL FACT.**

The facts material to the Motion for Summary Judgment consists of: (1) those that concern the existence of probable cause; (2) those that lend credence or refute Plaintiff's claim of conspiracy; and (3) the statements that allegedly support the defamation claims. As indicated above, Plaintiff's Affidavit is replete with extraneous facts, unfounded speculation, and hearsay. Neither it, the supporting affidavits of Michelle Stone or Karen DeVore, nor the various (and largely inadmissible) exhibits attached to the Objection provide the level of competent evidence to create a genuine issue on any of those issues.

**A. The Affidavits Submitted in Support of the Objection Fail to Provide Admissible Evidence Creating Any Genuine Issue of Material Fact.**

As noted in the Introduction, Plaintiff's affidavit is replete with irrelevant and/or inadmissible statements that should not be considered by the Court. Specifically, paragraphs 1-5 appear to provide Plaintiff's involvement in animal rescue prior to his arrest. Whether true or not, the information contained therein is not relevant to any fact at issue. Paragraphs 6-9 lack any foundation and Plaintiff's own deposition testimony establishes that he has no personal knowledge of any statement therein save that he reported what he believed to be an affair to Goulden's wife. Plaintiff cites no source for his claim that Goulden admitted any such affair to his wife and Goulden expressly denied the affair in his own Affidavit, undercutting any such claim. *See* Goulden Aff. ¶11. Paragraph 10 consists of unsupported conclusory allegations and a reference to a plea deal from the prosecutor that appears to be both inadmissible and irrelevant. Paragraph 10a is in a similar vein.

From there, Plaintiff appears to be attempting to buttress his conspiracy claim. The next

six paragraphs recount events that are largely unrelated to his arrest.[3]  Paragraphs 18-22 appear to address the execution of the search warrant and use force to enter the home, while paragraphs 23-28 concern interactions between Caprigno and Michelle Stone (Plaintiff's then estranged girlfriend) of which Plaintiff has no personal knowledge (and which are largely refuted by Stone's affidavit).  The remainder of Plaintiff's affidavit concerns his arrest, prosecution, and the resulting media attention they garnered.

Stone's affidavit does appear to be largely based on personal claims and arguably relevant events but does not create any issue of material fact.  Karen DeVore's affidavit, in contrast, is little more than a broad complaint about Caprigno and McCall's communication skills supplemented by a general defense of Plaintiff's character.  There does not appear to be a single relevant fact in the entire piece, and it should be disregarded in its entirety.

### B. The Exhibits Appended to the Objection are Largely Unsupported and Inadmissible.

Like affidavits, exhibits offered in opposition to a motion for summary judgment must be both relevant and admissible.  Most of the exhibits appended to the Objection are neither.  Exhibits 1-9 are largely police reports relating to the investigation that are not typically admissible but as a whole only serve to confirm both the existence of probable cause and the thoroughness of the investigation.

Thereafter, the exhibits become less clearly relevant and more clearly inadmissible.  In particular, the veterinarian records are not easily interpreted without an expert.  *See* Ex. 10-12.  Exhibit 12 includes records that predate the search by over a month and were not in Caprigno's possession at the time of Plaintiff's arrest.  The texts at Ex. 13 do not clearly relate to any issue

---

[3]  Paragraphs 13 and 14 admittedly contradict statements made in support of the underlying motion, although the statement now attributed to Goulden in paragraph 13 is considerably enhanced from the statements Plaintiff recalled at his deposition.  *See* Pl's Dep. (Ex. F) at 19-20.

raised in the motion and appear to be from an unknown person. Exhibit 14 is undated (but does seem to confirm that one of the dogs suffered from Parvovirus). Exhibit 15 was not supplied to Defendants but appears to be audiotape of someone not named in the suit. Exhibit 16 is an undated letter from a one-time Chairman of the Board of Selectman which again does not support Plaintiff's claim that he was being harassed. Exhibit 17 confirms the officer who investigation the alleged 2014 trespass by Bordeleau was not one of those named in this action. Exhibits 18-20 are hearsay emails and correspondence from DeVore that themselves contains even more attenuated hearsay. Exhibit 21 does not appear to be referenced in the Objection, and Ex. 22 is another hearsay text message. The final two exhibits (23 & 24) contain hearsay statements and are inadmissible.

In short, the various exhibits are either inadmissible or unsupportive of Plaintiff's position.

### C. The Limited Admissible Evidence Presented by Plaintiff does not Demonstrate the Existence of any Genuine Issue of Material Fact.

As noted, there are three main factual underpinnings to the claims and motion for summary judgment: (1) the existence of probable cause; (2) the allegation of a conspiracy; and (3) the allegedly defamatory comments by Caprigno. None of these are subject to disputed issues of fact that alter the analysis of the legal issues before the Court.

With respect to probable cause, Plaintiff has not undermined any fact relied upon by ACO Caprigno either in obtaining the search warrant or in preparing the charges based on the observations made during the warrant and concomitant investigation. In fact, Michelle Stone – who supplied the information that led to the issuance of the warrant – not only does not disavow her statements in her affidavit [Doc. No. 33 at 9-11] – she essentially admits them. *See* Stone Aff. ¶¶5-7 (conceding that she was "very upset" with Plaintiff and provided the officer with a

statement and photographs of the dogs, which she said numbered approximately 40 at one time).[4] Nowhere in Plaintiff's affidavit does he deny – or even address – the conditions of his home during the execution of the warrant. While Plaintiff denies that he caused the animals' medical condition, Pl. Aff. ¶38, he does not challenge the photographs or oral depictions of the state they were in.

Turning the alleged conspiracy that he claims gave rise to the investigation, as noted above, he provides no admissible evidence that Goulden was having an affair with his girlfriend or was otherwise motivated to organize such a conspiracy. He presents no supportable facts indicating that Goulden remained in the employment of Pelham after January 2015 – nearly two years before Plaintiff's arrest - and no evidence that Goulden even conversed with anyone in the Pelham Police Department thereafter, much less admissible evidence establishing that he orchestrated his arrest in October 2016. Goulden, Keenliside and Caprigno all provided sworn (and uncontroverted) testimony to the contrary. Even Stone – whom Plaintiff had alleged was forced by Caprigno to install a tracking device on her phone, Complaint ¶¶30-31 – concedes that she (Stone) was independently able to see Plaintiff's location as they both had iPhones and that she voluntarily shared that information with Caprigno, Stone Aff. ¶¶ 8-9, a far cry from the allegations of the Complaint.

Finally, Plaintiff has (properly) not supplemented his defamation claims with any new statements he would attribute to Caprigno. To the contrary, he is left solely with the alleged statement from Caprigno to Stone that she (Caprigno) thought he was a "vicious little man." Stone Aff. ¶13. Of interest, he concedes that ultimately Caprigno stated that it was "safe to assume that he [Plaintiff] was thinking that he was doing a good thing, and when it came down

---

[4] Although Plaintiff claims Caprigno "threatened" Stone, Pl. Aff. ¶22a, nowhere does Stone herself make such a claim.

6

to it, he got overwhelmed." Pl. Aff. ¶37. Such statements are neither defamatory nor defeat the existence of probable cause at the time of the arrest.

## II. PLAINTIFF HAS NOT ESTABLISHED THAT DEFENDANTS SHOULD BE DENIED JUDGMENT AS A MATTER OF LAW.

There being no disputed issues of fact, the Court may address the legal arguments raised in the Motion for Summary Judgment. Most of these are not directly addressed in the Objection, and none are called into serious question.

### A. Defendants are Entitled to Judgment on the Federal Claims.

Plaintiff's federal claims (Substantive Due Process and Conspiracy) remain properly the subject of summary judgment.[5] Plaintiff's primary legal argument appears to rest on attacks on the search and arrest warrants, and particularly the fact that the latter was signed by a clerk. Plaintiff also asserts that there was no evidence to support the assertion that he was responsible for the dogs' medical and/or physical condition.

Probable cause, however, does not require legal certainty or even more than a "fair probability," nor must it be specific to each, and every crime charged. An arrest is proper if a reasonable person would believe that Plaintiff committed an arrestable offense. Here, the facts and circumstances both told to and observed by ACO Caprigno amply satisfy this standard. As set forth in the underlying Motion, RSA 644:8 (III) provides that person is guilty of a misdemeanor if he or she negligently deprives an animal in his or her custody of care, sustenance or shelter or negligently permits or causes any such animal to be subjected to cruelty, inhumane treatment, or unnecessary suffering of any kind. Plaintiff does not dispute that the dogs in question were in his custody, nor does he dispute their condition (which the Court can observe through the photographs submitted with the Motion); he disputes only that he was the cause of

---

[5]   Plaintiff does not appear to be pursuing his *Monell* claim.

their condition. The statute, however, does not require proof that he deliberately caused their condition.

To the extent that Plaintiff contends that the arrest warrant was improper, the case at bar is a far cry from *Coolidge v. New Hampshire*, 403 U.S. 433 (1971). In *Coolidge*, as Plaintiff concedes, the warrant was issued by the very investigator in charge of the investigation. Here, there is no such contention. At most, Rizzo works in the same department as the ACO who sought the arrest warrant. New Hampshire law allows a Justice of the Peace – as Rizzo was – to approve arrest warrants. *See* RSA 592-A:5. Although Plaintiff baldly claims that Rizzo was not a "neutral and detached" magistrate as required under the Fourth Amendment, he provides no admissible evidence to support that claim. In any event, the propriety of the warrant has no impact on the existence of probable cause. Moreover, Plaintiff has not meaningfully addressed the application of immunity in this case, pursuant to which Caprigno would be immune from liability even if probable cause was merely arguable.

With respect to the conspiracy claim, Plaintiff concedes that he has no direct evidence of a conspiracy. Objection MOL [Doc. No. 32] at 18. His circumstantial evidence of any such conspiracy is equally lacking. He suggests that a failure to arrest Cheryl Bordeleau in 2014 on a trespass charge, the use of multiple officers to execute the search warrant, and the conduct of the police prosecutor evidence a conspiracy. There is no clear connection between these alleged events, either temporally or otherwise, from which to conjure a conspiracy claim. The non-arrest of Bordeleau involved a different officer, *see* Plaintiff's. Ex. 17, and occurred over two years before Plaintiff's arrest, which itself occurred long after Goulden left the Department. The use of multiple officers to execute the warrant is hardly surprising given the number of dogs expected to be encountered, and DeVore's conflict with the prosecutor bears no relationship to

the defendants herein. In any event, as noted as noted in the Motion, absent an underlying violation no conspiracy claim can lie. *Bane v. Registry of Motor Vehicles*, 72 F.3d 121 (1st Cir. 1995) (ancillary §1985 conspiracy claim necessarily fails where underlying claim not established) (citations omitted). For all these reasons, Defendants are entitled to judgment on the conspiracy claim.

### B. Defendants are Entitled to Judgment on the State Law Claims.

Plaintiff only briefly addresses the state law claims and Defendants will be equally brief. The continued existence of probable cause remains fatal to the claims of False Imprisonment and Malicious Prosecution. Although Plaintiff now attempts to supplement his False Imprisonment claim with a claim that he was detained in the parking lot for forty-five minutes after paying a veterinarian invoice at the police station, he doesn't identify any Defendant as participating in such conduct and the Town may not be held directly liable therefor under RSA 507-B. While referring to Plaintiff to his ex-girlfriend as "evil" or "vicious" is undesirable, Plaintiff offers no case law that suggests it is actionable and apparently it had no impact on Stone's opinion of him.

Finally, Plaintiff did not address the application of either statutory or official immunity as applied to the state law claims. *See* Def. Memorandum of Law [Doc. No. 28-1] at 18-19. Those immunities apply to bar the claims in this case.

### CONCLUSION

Facing a properly supported Motion for Summary Judgment, Plaintiff had the burden to either establish disputed issues of fact or a refute the legal arguments in support of judgment. He has done neither. As there was probable cause to charge him with animal cruelty under RSA 644:8, and because there is no evidence the charges were the result of any conspiracy, Defendants should be granted judgment on all federal claims and the parallel state claims.

Respectfully submitted,

**THOMAS GOULDEN,
MATTHEW KEENLISIDE,
ALLISON CAPRIGNO and
TOWN OF PELHAM**

By their Attorneys,

**CULLENCOLLIMORE, PLLC**

Dated: September 22, 2021        By: /s/ Brian J.S. Cullen
                                 Brian J. S. Cullen, NH Bar # 11265
                                 10 East Pearl Street
                                 Nashua, NH  03060
                                 (603) 881-5500
                                 bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: September 22, 2021        /s/ Brian J.S. Cullen
                                 Brian J.S. Cullen