UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kevin Rocheville, )<br>)<br>v. )<br>)<br>Thomas Goulden, Matthew Keenliside, )<br>Brian McCarthy, Joseph O'Roark, )<br>Michael McCall, Allison Caprigno, )<br>Jody Harris-Stern, John Does, )<br>Jane Does and Town of Pelham, NH )<br>) | Civil Action No. 19-CV-01169-PB |

## **PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

NOW COMES, the Plaintiff, Kevin Rocheville, and objects to Defendant's motion for Summary Judgement, and says as follows:

1. There are genuine issues of material fact when considering Plaintiff's evidence as true and all inferences drawn therefrom.

2. There was no probable cause for the issuance of the Search Warrant and the Arrest Warrant.

3. The Defendants' conduct is not immunized due to the Qualified Immunity doctrine.

4 The circumstantial evidence presents a genuine issue of material facts concerning the agreement to harass the Plaintiff and violate is constitutional rights.

5. The Plaintiff has a viable claim against the town since he contacted both the Pelham Police Chiefs of Police, Brian McCarthy and then Joseph O'Roark, to advise them of the

1

harassment that was ongoing and he also advised the Town of Pelham Selectmen. Neither the Chief of Police nor the Town Selectmen did anything to stop the harassment by the police.

6. The Plaintiff's State claims are viable. The officers' conduct went well beyond the scope of their duties while in the course of their employment. It can hardly be argued that Harassment, Defamation, False Arrest, Malicious Prosecution, Assault, Abuse of Process, Violation of Privacy Rights and Conspiracies are within the scope of a police officer's duties.

7. Since there was no probable cause for the issuance of the Arrest Warrant, the count for Malicious Prosecution, False Imprisonment and Abuse of Process should not be dismissed.

8. The Plaintiff, in his Interrogatories, stated that he sustained a bruise when he was chest bumped by Officer Keenliside. It appears from Officer Keenliside's email that he was annoyed with the Plaintiff's continued awkward stares during the police encounter.

9. The Defendants' conduct directed toward the Plaintiff in the context of a police officer and not a private citizen is extreme and outrageous. The conduct of the police officers was motivated by and for the sole purpose of avenging a disclosure of infidelity to Officer Goulden's wife, by the Plaintiff and not some legitimate police duty. The police conduct, taken as a whole, went well beyond the bounds of decency.

10. The statements made by Officer Caprigno are actionable.

11. The Plaintiff has maintained a valid privacy claim because Officer Caprigno used a private citizen to monitor the Plaintiff's movements. Michele Stone was doing what Officer Caprigno could not do without obtaining a Court Order of Search Warrant.

12. The Plaintiff incorporates by reference the Memorandum of Law, the Affidavits and the Exhibits in support of his Objection to the Defendants' Motion for Summary Judgment.

WHEREFORE the Plaintiff respectfully requests that the Court deny the Defendants' Motion for Summary Judgment as there genuine issues of material fact warranting a jury trial.

Dated: September 16, 2021                              Respectfully Submitted by,

                                                       _____
                                                       William Aivalikles, Esq.

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served upon Counsel for the Defendants, Attorney Brian J.S. Cullen via the Court's ECF filing system.

Dated: September 16, 2021                              _____
                                                       William Aivalikles, Esq.